## MARTIN WELSH *v.* JOHN KIRKPATRICK.

JUDGMENT AGAINST A COMPANY BY ITS COMPANY NAME.—If a complaint, in an action against a company by its company name, states substantially the conditions mentioned in the six hundred and fifty-sixth section of the Practice Act, and the Sheriff returns that he has served the summons on one of the members of the company, and judgment by default is entered up against the company by its name, to be enforced against the joint property of the members, the judgment is not void, but may be enforced by execution against the company property.

SAME.—Such judgment is not a judgment against the person served with process, but against the company.

JUDGMENT WHERE DEFENDANT IS SUED BY WRONG NAME.—If a defendant is served with process, a judgment by default against him is not void, though he is sued by a wrong name.

COMPLAINT AGAINST A COMPANY BY ITS NAME.—*Query?* If, in a complaint against a company by its company name, under the six hundred and fifty-sixth section of the Practice Act, there is an entire absence of any statement showing the existence of the conditions named in the section, and judgment is rendered against the company by default, is the judgment void, or are these conditions matters to be pleaded in abatement, and if not thus pleaded waived?

MISNOMER.—If a defendant is actually served with process, though sued by a wrong name, a judgment by default against him is not void.

APPEAL from the District Court, Tenth Judicial District, Sierra County.

The plaintiff appealed from the judgment.

The other facts are stated in the opinion of the Court.

*James A. Johnson*, for Appellant.

The judgment upon which our execution issued was a good judgment against the Red Star Mining Company, and at

any rate sufficient to support the executions, (see Pr. Act, Sec. 656 ; *Schmidt* v. *Huntington,* 1 Cal. 66 ; *Gorman* v. *Russell,* 14 Cal. 359.)    If the action of *Welsh* v. *Walsh et als.,* composing the Red Star Mining Company, had been of that class denominated equitable, it will be admitted our averments were sufficient to enable us to have judgment against the Red Star Mining Company.    And if so, I contend we were entitled to judgment against said company, though the action was one of the class denominated common law actions.    Under our system there is but one form of civil action, and that is prescribed by the Practice Act.    Then, the only question would be, had the Clerk authority to enter the judgment?    (For this, see Pr. Act, Secs. 32 and 150.)

Enough is shown in the statement and findings of fact in this case to show that the judgment could not be null and void, though it might be voidable.

As to the matter of title of our complaint, I say there is no inconsistency between our complaint, summons, and judgment; all these papers were entitled the same, and the two first looked to and threatened the judgment.

*P. Van Clief,* for Respondent.

Appellant's counsel seems to have overlooked the difference between judgments entered by the Clerk and those entered by the Court.    A judgment entered by a Clerk may be void, which would only be irregular if rendered by the Court.    The acts of the former are merely ministerial, and if he fail strictly to pursue his authority, his acts are void.    (*Kelly* v. *Van Austin,* 17 Cal. 564.)

But we think the judgment under consideration would be void if entered by a Court.    A judgment may be entered against a corporation by its corporate name, but cannot be entered against natural persons, either individually or collectively, except by their proper names, only in the case provided for in section six hundred and fifty-six of the Practice Act, and it appears by the findings of the Court that there *were no allegations* to bring the case under that section.

By the Court, SANDERSON, J.:

This is an action against a Sheriff for refusing to levy upon and sell property under execution. The defendant refused to execute the writ on the ground that the judgment upon which it was issued was void. At the trial the Court held that the judgment was void, and that the defendant was therefore justified in refusing to execute the writ.

The judgment roll in the action in which the writ was issued, and which was offered in evidence at the trial, exhibits the following state of facts: The title of the action, as given at the head of the complaint, was "*Martin Welsh* v. *M. Walsh et al.*, composing the Red Star Mining Company." In the body of the complaint it is stated that "said Red Star Company"—omitting the word "mining"—"is a mining association, composed of a great number of persons who are so numerous and so much scattered over the country that plaintiff cannot serve them with process without much delay and great expense, and he therefore sues them by this company name." Thereafter the complaint proceeds and sets out a cause of action which is for the recovery of money, and concludes with a prayer for judgment for the amount alleged to be due and owing against the "Red Star Mining Company." In his return to the summons the Sheriff certifies that he served the same by delivering a copy thereof to M. Walsh personally, one of the members of the "Red Star Mining Company," defendant, etc. The time for answering having expired without any appearance, the Clerk entered the default, and immediately thereafter entered a judgment against the "Red Star Mining Company," without naming Walsh, for the amount sued for to be enforced against the joint property of the members of the company.

The Court below held that the suit was against Walsh alone, and that the Clerk had therefore no authority to enter a judgment against the "Red Star Mining Company." The ground of the decision, as stated by the Judge in his conclusions of law, are that the complaint fails to show a case in which suit

may be brought against a company or association by the company style or name, as provided in section six hundred and fifty-six of the Practice Act; which is to the effect that where two or more persons are associated in any business, and transact such business under a common name, whether it comprises the names of such persons or not, they may be sued by such common name, the summons in such case being served on one or more of the associates, but the judgment shall bind only the joint property of the associates.

It is possible that where a party seeks the advantage secured to him by the foregoing section, he ought to show, substantially, in his complaint that the conditions therein stated exist in his case. Where there is an entire absence of any statement showing the existence of such conditions, it may be that a judgment by default, entered by the Clerk without an order of the Court, would be void under the rule in *Stearns* v. *Aguirre*, 7 Cal. 443, and *Kelly* v. *Van Austin*, 17 Cal. 564, cited by respondent, but it is unnecessary to determine that question in this case. It is clear from the complaint in this case, although it might have been more fully stated and with greater precision and certainty, that the defendants are a mining association, under the name of the Red Star Mining Company; that there are two or more than two of them, and that the plaintiff intends to sue them by their company name and obtain a judgment against them by that name and no other. It is clearly stated that they are numerous; that they compose a mining company and that their name is the Red Star Mining Company. We think this a substantial statement that the defendants are two or more in number, that they are engaged in the mining business and that said business is carried on under a common name, and that that name is the Red Star Mining Company. There is certainly not an entire absence of averment on the subject, and nothing short of that would justify us in holding the judgment absolutely void, even if it could be done in that case, which point we do not decide. Moreover, it may be doubted whether this is anything more than matter in abatement, a question whether the defendants have been sued by

the proper name, and, to say the least, is analagous to the case of a misnomer, which never renders a judgment void. If the defendant does not choose to appear and plead matter in abatement, such matter is waived and cannot be assigned for error if he has been actually served, and much less is a judgment by default against him, though by the wrong name, void. (*Ex parte Kellogg*, 6 Vt. 509 ; *Guinard* v. *Heysinger*, 15 Ill. 288 ; *Hammond* v. *The People*, 32 Ill. 446.)

Judgment reversed and new trial ordered.