77-691

ALABAMA & VICKSBURG RAILWAY CO. *v.* FREDERICK BOLDING.

1. JUDGMENT. *Subsequent term. Power of court. Irregularities.*

Unless a judgment is void, it cannot, at a subsequent term, be vacated or reversed by the court rendering it. Mere irregularities and errors in the proceedings can be availed of only by appeal.

2. SAME. *Motion to vacate. Errors not considered.*

On a motion at a subsequent term to vacate a judgment, the court will not consider the sufficiency of the declaration, or of the return on the summons, or the propriety of the court's action in setting aside a judgment by default, allowing the return amended, and an immediate writ of inquiry followed by judgment final, since these are matters of practice not affecting the jurisdiction.

3. VACATING JUDGMENT. *Question of fact. Supreme court.*

On appeal from a judgment denying a motion to vacate a judgment, the issue of fact being whether the defendant was served with summons, and the evidence being conflicting, this court will not disturb the finding of the circuit judge, it being warranted by the testimony.

4. DE FACTO OFFICER. *Deputy sheriff.*

   One acting generally as deputy sheriff, under written appointment from the sheriff, although not having qualified according to law, is a *de facto* officer, and his acts as such must, as between third parties, be held valid.

5. SUMMONS. *Service on corporation. Agent. Code* 1880, § 1529.

   Under § 1529, code 1880, service of summons on the station agent of a railroad company is binding on the company, and this whether its principal place of business is in the county in which the suit is brought or not.

6. JUDGMENT BY DEFAULT. *Misnomer. Waiver. Corporation.*

   One sued and summoned by a wrong name, but who is apprised by the summons that he is the person sued, and who fails to appear at the return-term, at which judgment by default is taken, waives objection because of the misnomer, and is bound by the judgment, though not against him by his true name. This rule applies to a corporation.

7. MISNOMER. *Waiver. Case in judgment.*

   Where the declaration, summons, judgment by default and execution were against "Alabama & Vicksburg Rail*road* Company," "*The* Alabama & Vicksburg Rail*way* Company," the real corporation, whose station agent was served with summons, having failed to appear at the return-term and object to the misnomer, is bound by the judgment.

FROM the circuit court of the second district of Hinds county.

HON. J. B. CHRISMAN, Judge.

Appellee, Frederick Bolding, a minor, by next friend brought this action in the court below to recover damages for personal injuries. The declaration was against "Alabama & Vicksburg Railroad Company," and the summons conformed to the declaration. The return first made on the summons was: "Executed this twentieth of November, 1890. R. J. Harding, *Sheriff,* by J. J. Gold, *D. S."* On this return a judgment by default was entered at the return term and a writ of inquiry awarded to ascertain the damages. The day named in the judgment for the execution of the writ of inquiry was the last day of the term. On that day, no appearance having meantime been entered for defendant, the court allowed the former judgment by default to be set aside

and the return to be amended so as to read: " Executed in person upon the defendant, by handing to C. W. Barber, agent of the Alabama & Vicksburg Railroad Company, at Edwards, Hinds county, Miss., a true copy hereof." A new judgment by default was thereupon rendered, and, without the issuance of another writ of inquiry, a jury was impaneled, evidence taken, and a verdict rendered for $5,000 against the Alabama & Vicksburg Railroad Company.

Execution on this judgment was levied on the property of The Alabama & Vicksburg Railway Company, which presented this petition, verified by oath, to the court, praying that the judgment be vacated and the execution be quashed. The necessary bond was given, and the proceedings under the execution were superseded.

The grounds relied on to vacate the judgment were that the name by which in the proceedings it was intended to designate the petitioner was not its true corporate name; that summons had not in fact been served on its agent, Barber; that service on said agent, if had, was not sufficient, because the corporation had its domicile in Jackson, in the first district of Hinds county, and a resident director in said district and an agent appointed to accept service of process, and that service was not had on either, but on a station agent in the second district. And it was further urged that the judgment should be vacated and petitioner allowed to defend, because the declaration did not aver a good cause of action; because the judgment by default was set aside, the return amended, and a new writ of inquiry at once awarded, and all this without any notice to the defendant; because the person claiming to have served the summons as special deputy sheriff was not a lawfully qualified officer, never having taken the oath required of such deputies. The petition alleged that The Alabama & Vicksburg Railway Company, in fact, had no notice of the suit, and that it had a perfect defense.

On the hearing of this petition, testimony was taken as to the controverted matters of fact. Barber, the agent of peti-

69 Miss.—17

tioner at Edwards, in the second district, testified that the summons had not been served upon him. On the other hand, Gold, who made the return as deputy sheriff, testified that he did serve the summons personally upon Barber, as stated in the amended return. It was shown that Gold, although he had been appointed, in writing, by the sheriff as a deputy, and had for several years acted as deputy, chiefly in the matter of serving process in Edwards, had not, in fact, taken the oath as such, which the law required to be subscribed and filed in the office of the clerk of the board of supervisors.

The court, after hearing the evidence, denied the petition, discharged the *supersedeas,* and gave judgment on the *supersedeas* bond, and from this judgment the petitioner appeals.

*W. L. Nugent,* for appellant.

1. The domicile of the appellant, and a director and its designated agent for accepting service, being in Hinds county, service of the summons on an inferior agent was not allowable or binding, and the proceedings were *coram non judice.* Code 1880, § 1529; *So. Ex. Co. v. Hunt,* 54 Miss., 664; *So. Ex. Co. v. Craft,* 43 *Ib.,* 508; Laws 1873, 82. It was insufficient at common law. 1 Tidd's Pr., 116; 6 Conn., 428; 20 Mo., 96; 6 Cal., 186. By our statute, service on inferior agents is permitted only when principal office and officers are not in the county. See 16 Hun, 270; 38 Cal., 151; 17 Wall., 624; 95 U. S., 774; 97 *Ib.,* 444; 64 Mo., 561; 59 Miss., 573; 87 Ill., 45; 39 Mich., 469; 49 N. Y., 555; 18 Kan., 458; 41 Ind. 228; 19 Hun, 405; 47 Ill., 288; 10 Lea, 436; 44 Pa., 56, 422; 9 Ind., 243; 51 Mo., 532; 42 Ala., 24; 8 Iowa, 260.

2. It was error to award a writ of inquiry on the return, then on the last day of the court to amend the return, and, without new writ of inquiry, call a jury and proceed to judgment final, all without notice to defendant. If the amendment of the return was proper at all, it was in the discretion of the court, and, to exercise this discretion, all the

proceedings should have been reviewed. The case had been disposed of by a judgment. This could not be vacated, and the case proceeded with without notice to defendant. *Moore v. Hoskins,* 66 Miss., 496; 5 S. W. Rep., 680. It was a clear case of accident, mistake and surprise, and the cause should be re-opened. 47 Mo., 513; 2 Cal., 248; 49 Ind., 149; 17 Abb. Pr., 36; 19 Wis., 232; 10 Ind., 402; 13 Wis., 482. Defendant was entitled to notice of the day fixed for the inquisition. 2 Archbold's Pr., 31–39; 69 Tex., 175.

3. The original return being insufficient to warrant judgment by default at return-term, defendant had the right to appear at any time during the term and plead, or to rely on the expectation that no judgment could be taken. 55 Tex., 330.

4. The misnomer of defendant was fatal so far as it affects this appellant or its property. 1 Waits' Pr., 473; *Cole v. Hindson,* 6 T. R., 234; 6 Cowen, 460; 52 Iowa, 427; 32 N. H., 470. In the cases cited by Freeman on Judgments, there was appearance and plea to the merits and hence a waiver. And the cases cited by Black (1 Black on Judgments, § 213), do not sustain his position. A palpable misnomer is good ground to supersede an execution. 33 Cal., 320; 2 Bland, 106; 5 N. H., 446.

5. Gold was not a deputy sheriff, not having taken and subscribed the oath required by code 1880, § 326. The judgment by default was therefore a nullity.

6. On the issue of fact whether Barber was in fact served, the finding was erroneous. He was entitled to as much credit as Gold, and is supported by the circumstances and probabilities of the case.

7. The service in this case was not actual personal service, but constructively personal as to the corporation, being on an inferior agent. Such service is constructive notice to the corporation, and will not authorize judgment by default at the return-term. 41 Fed. Rep., 431; 111 Ill., 309.

*R. N. Miller*, for appellee.

1. The declaration cannot be criticised on this proceeding. The judgment by default cured all errors of pleading  *Irwin* v. *Williams*, Walker, 314; Code 1880, § 1727.

2. Service on the station agent was sufficient.  Code 1880, § 1529, does not require service in the first instance on the president or principal officers of a corporation.  It was not necessary to show by evidence *aliunde* that Barber was agent· of the company.  *Meridian* v. *Trussell*, 52 Miss., 711; 22 Ill., 9; 24 Barb., 414; 9 Kan., 496.

3. All mesne process can be amended without notice to the parties.  There was no error in amending the return.  *Dorsey* v. *Pierce*, 5 How. (Miss.), 173; 13 Ill., 260; 43 *Ib.*, 260; 42 Mo., 427; 15 Ind., 192; 16 Am. Dec., 733; 26 *Ib.*, 684; 20 *Ib.*, 58.

4. Gold was a *de facto* officer, and his acts are binding and valid.  45 Miss., 151; 51 *Ib.*, 111; 43 *Ib.*, 124; Code 1880, § 415; 8 Am. Dec., 98.

5. Notice of the writ of inquiry, though required at common law, is never necessary under our statute.  Code 1880, § 1730.  If it was required, failure to give notice was cured by the statute of jeofails.  1 Tidd's Pr., 583; Archbold's Pr., 31–35.

6. The court cannot at a subsequent term vacate a judgment for any mere irregularities.  These must be reached by appeal.  *Brown* v. *Schulton*, 104 U. S., 410; Black on Judgments, §§ 94, 306; Freeman, Judgments, 95; *Wiggle* v. *Owen*, 45 Miss., 691; *Lane* v. *Wheeless*, 46 *Ib.*, 666; 51 *Ib.*, 535.  If the failure to appear was caused by the neglect of the agent or attorney, the principal cannot be relieved, even in equity. *Newman* v. *Morris*, 51 Miss., 402.

7. The misnomer will not affect the judgment or execution. Code 1880, § 1727.  If a corporation be sued by a name varying only in words or syllables and not in substance from the true name, the misnomer must be pleaded in abatement, and cannot be availed of otherwise.  Freeman, Judgments, § 154;

Black, Judgments, § 213; Boone on Corp., § 30, and cases cited; 18 How. (U. S.), 404; 29 Md., 69; 1 Mass., 76; 10 *Ib.*, *360; 15 Ill., 288; 33 Kan., 644.

8. Service on the agent of the corporation was sufficient for all purposes. Code 1880, §§ 1499, 1034, 1529. Judgments on defective service are good until reversed. *Allen* v. *Dicken*, 63 Miss., 91; *Christian* v. *O'Neal*, 46 *Ib.*, 669; *Stampley* v. *King*, 51 *Ib.*, 728.

*J. K. McNeely*, on the same side.

1. Service on the station agent was good. It was not necessary, under § 1529, to serve the summons on any higher official. Besides, the alleged domicile and the director were not shown to be in the second district of Hinds county. The decisions relied on by appellant were not under code 1880.

2. If there was any error in the proceedings, the remedy is by appeal. After the term, there was no power in the circuit court to vacate the judgment.

3. Gold was a recognized deputy sheriff. He had color of authority, and was a *de facto* officer, and his acts were binding on parties summoned by him. *Kimball* v. *Alcorn*, 45 Miss., 151; *Brady* v. *Howe*, 50 *Ib.*, 607; *Vicksburg* v. *Lombard*, 51 *Ib.*, 111.

4. The sole question here is, was the judgment void? If it was not, the court cannot set it aside. *Lane* v. *Wheeless*, 46 Miss., 666. A judgment on defective service is not void. *Harrington* v. *Wafford*, 46 Miss., 31; *Christian* v. *O'Neal*, 46 Miss.

5. The misnomer was immaterial—a distinction, not a difference. The defendant was known by the one name as much as the other. The real corporation was summoned by its proper agent. Boone Corp., § 30; 5 N. H., 446; 30 Ill., 151; 19 Mich., 196; 29 Md., 69. The verdict is good. Code 1880, § 1583.

Argued orally by *W. L. Nugent*, for appellant, and *J. K. McNeely*, for appellee.

Campbell, C. J., delivered the opinion of the court.

The only ground on which the motion to vacate the judgment could be sustained, is that it is void.   Mere irregularities —questions of error or no error—such as might cause a reversal on appeal, and for which the judgment would not be pronounced void, cannot be availed of by motion before the court which rendered the judgment.   It cannot, at a term subsequent to the judgment, reverse or annul it for mere errors of law in the proceedings.   Only this court can do that.

The only ground, of those alleged, on which the judgment assailed could be held to be void, is that the defendant was not summoned as the law provides, so as to give the court jurisdiction to pronounce judgment against it.   The sufficiency of the return of the summons on its face, and of the declaration on a demurrer, and the action of the court in allowing the judgment by default taken on the first return of the summons to be set aside, the return by the sheriff's deputy to be amended, and judgment by default to be again taken and writ of inquiry to be then immediately executed and followed by judgment final, are all matters pertaining to the practice of the court, with a party properly before it, and involve a question of error or not, and not of jurisdiction.

Was the defendant duly summoned?.  If not, the judgment should be vacated.   If the defendant was summoned as the law requires, no relief can be had.   The solution of this question involves both fact and law.   It is a question of fact whether or not the summons was served on Barber, as agent. The evidence is somewhat conflicting, and the circuit judge found the fact in favor of the plaintiff, and we are not willing to set aside this conclusion, believing it to be warranted.

The questions of law are: the sufficiency of service of the summons by Mr. Gold, describing himself as deputy sheriff; the sufficiency of a service of summons on Barber, agent, and the validity of a judgment against the appellant on service of the summons issued against *Alabama & Vicksburg Railroad Company.*

Although Gold had not qualified as prescribed by law for deputy sheriffs, he was acting as such under appointment by the sheriff; was a *de facto* officer; and, between third persons, his acts must be held valid.

Service of summons on an agent such as Barber was—a station agent—was sufficient to authorize judgment against the corporation he represented. Code, § 1529. It matters not whether the office or principal place of business of the corporation was in the county in which the action was brought or not.

The declaration and summons were against *A. & V. Railroad Company.* The summons was served on Barber, station agent of *The Alabama & Vicksburg Railway Company,* and the judgment by default was against the *A. & V. Railroad Company,* on which execution issued against *A. & V. Railroad Company.* The claim is that a valid judgment could not be given in this state of case under which to take the property of *The A. & V. Railway Company.*

The question is as to the effect of the misnomer. There are cases which hold that one sued and served by a wrong name may disregard the summons. All agree that one summoned by a name not his own, and who appears and does not plead misnomer waives it, and is bound by the judgment in the wrong name. There is no sound reason for a distinction in the two classes of cases. The true view is, that one summoned by a wrong name, being thus informed that *he* is sued, although not correctly described by his true name, not availing of his opportunity to appear and object, whereby the true name would be inserted in the proceedings (Code, § 1531), should be precluded from afterwards objecting. Having remained silent when he might and should have spoken, he must ever afterwards be silent as to this matter. This view is sustained by the books. 1 Black on Judgments, § 213; Freeman on Judgments; *Welsh* v. *Kirkpatrick,* 30 Cal., 202; *The Lafayette Ins. Co.* v. *French,* 18 How. (U. S.), 404; *First Nat. Bank* v. *Jaggers,* 31 Maryland, 38; *Hoffield* v. *Board,*

*etc.*, 33 Kansas, 644; *Waldrop* v. *Leonard*, 22 So. Ca., 118; *Smith* v. *Bowker*, 1 Mass., 76; *Medway Cotton Manu.* v. *Adams*, 10 Mass., \*360; *Guinard* v. *Heysinger*, 15 Ill., 288; *Parry* v. *Woodson*, 33 Mo., 347; *Waterbury* v. *Mather*, 16 Wend., 611; *Smith* v. *Patten*, 6 Taunton, 115.

There is no distinction in this respect between natural persons and corporations. When a summons is served on the authorized agent of a corporation, it is served on the corporation. He is the corporation for this purpose, and it is because of this that a judgment by default may be rendered at the return-term against the corporation on whose agent summons is personally served, as we hold may be done. The case—*The Lafayette Ins. Co.* v. *French*, 18 How., 404—cited above is, besides sustaining our view as to the misnomer, a decision directly in point as to the effect of service on an agent of a corporation. It binds the corporation just as if the service was on one designated by the charter to receive it, or authorized to do so by its power of attorney. It must be so, for process can be served on a corporation in no other way than by service on some officer or agent qualified by law for that purpose, and, " for the purpose of receiving such service, and being bound by it, the corporation is identified with such agent or officer."

*Affirmed.*