CAMPBELL & CAMPBELL *v*. PICKENS BANK.

[99 So. 378. No. 23588.]

(Division B. March 10, 1924.)

BANKS AND BANKING. *Bank held bound by service of summons in name of defunct bank of similar name.*

Where a writ of garnishment was served on the cashier of a bank, although the name of a defunct bank of similar name was used in the writ, such cashier was, or ought to have been, apprised thereby that the corporation represented by him was summoned and required to answer the writ, and, if such bank failed to appear at the return term, at which a default judgment was taken, it waived objection because of the misnomer, and was bound by the judgment, though not against it by its true name.

APPEAL from chancery court of Holmes county.
HON. T. P. GUYTON, Chancellor.

Suit by the Pickens Bank against Campbell & Campbell. From a judgment for plaintiff, defendants appeal. Reversed, and judgment rendered.

*G. G. Lyell,* for appellants.

This case is governed by *A. & V. Railway Company* v. *Bolling,* 69 Miss. 255. See also 15 R. C. L. "Judgments," sections 38 and 121, and 39 Miss. 784. A writ of garnishment was issued upon a certain judgment, against the Bank of Pickens, and was served in due course upon the cashier, Mr. E. J. Spengler, of the Pickens Bank, as expressly found by the court, he being at the time of such service cashier of the Pickens Bank. The Bank of Pickens had been defunct for several years. No answer was filed by the Pickens Bank, and a judgment was duly entered against the Bank of Pickens for three hundred ninety-three dollars and ninety-nine cents, being the amount of the original judgment against Meeks, with interest at ten per ecnt thereon to date of judgment by default in the garnishment proceedings.

Appellee contended that the writ of garnishment was never served upon Mr. Spengler, but the officer who served the writ testified positively that the writ was duly served upon Spengler, and the court expressly adjudicated in the decree that the writ was served upon Spengler, who admittedly, was at that time, cashier of Pickens Bank. The Bolling case is exactly on all fours with the case at bar. It is there held that one sued and summoned by a wrong name, but who is apprised by the summons that he is the person sued, and who fails to appear at the return-term, at which judgment by default is taken, waives objection because of the misnomer, and is bound by the judgment, though not against him by his true name. This rule applies to a corporation. This decision is absolutely on all fours with the instant case and must bring a reversal and decree in this court in favor of appellants.

*G. H. McMorrough,* for appellee.

Appellants' brief touches only one feature of the case, that is, the name used by appellants in their suggestion

of garnishment, and the name used in the writ of garnishment, and the judgment in garnishment and execution thereunder. It does not touch upon the service or return of the sheriff of Holmes county.

We certainly do not concede the correctness of the arguments on behalf of appellants in any kind of proceedings, still less so in garnishment proceedings. Since garnishment proceedings are special and statutory there is no presumption in favor of the jurisdiction in such proceedings, but jurisdiction must affirmatively appear. 10 Stand. Enc. of Pro. 472, Rep. 695.

A default judgment rendered after actual service of summons on the defendant, in which he is misnamed, is void and of no effect whatever. Rood on Garnishment, 505, Note; 22 A. and E. Ann. Cases, 460, Note; 27 A. and E. Ann. Cases, 1256. In garnishment proceedings entitled and conducted in the case of *"Lindsley* v. *Watson,"* judgment rendered against the garnishee entitled *"Lindsey* v. *Watson"* is erroneous. Rood on Garnishment, 505, Note; *Selman* v. *Orr,* 75 Tex. 528, 12 S. W. 697.

Actual knowledge by the garnishee that a writ has been issued against him will not aid the lack of due service. Rood on Garnishment, 612, 11 S. W. 863. A garnishee cannot waive such defects, or any defects with regard to the jurisdiction. Rood on Garnishment, 336, 337. Section 2443, Code of 1880, entitles the garnishee to notice in writing of the answer he is entitled to make. Judgment by default on such return will be refused. *Acme Lumber Company* v. *Vandergrift,* 70 Miss. 91. This decision goes to show how closely the courts scrutinize records in garnishment proceedings, especially where the judgments rendered against garnishee are judgments by default. See also *Burnett & Goodman* v. *Central Ga. R. R. Co.,* 97 A. S. R. 175, 66 Am. Dec. 120; 21 R. C. L. 1338; 66 Am Dec. 120 (Note); *Hardware & Imp. Company* v. *Marshall,* 117 Miss. 324.

In order to have a valid judgment, there must be a valid service of process upon the defendant, or appear-

ance or waiver of process. *Bantwell* v. *Grayson,* 118 Miss. 80. In the case at bar, the officers' return shows affirmatively and conclusively there was no service of process upon the garnishee, nor an appearance or waiver of process by the garnishee. While the Mississippi statute provides that a summons against a corporation may be served upon designated officers of the defendant, the return of service on the individual without showing him to be in any way connected with the corporation is insufficient to support a judgment by default, and the court cannot go outside of the record to ascertain what connection if any, he had with the defendant. *Watkins Machine and F. Company* v. *Cincinnati Rubber Mfg. Company,* 96 Miss. 610. The case of *Bolding* v. *A. & V. R. R. Co.,* 69 Miss. 255, was more in the nature of a collateral attack than the present case at bar.

In a case where judgment by default was taken against a corporation defendant in which the return on the process for such defendant recited that it had been personally served by delivering a true copy to the defendant, such judgment by default is void because of a noncompliance with said statute in that the return failed to show service on one of the officers or agents named in the statute; a compliance with which in that respect is mandatory and jurisdictional. *Anderson Merc. Co.* v. *Cudahy Pack. Co.,* 90 So. (Miss.) 11; *Mystic Circle* v. *Sommers,* 108 Miss. 54; *Watkins case,* 96 Miss. 610. Also see *Mitchell Furn. Company* v. *Selden Breck Cons. Co.,* (U. S. Sup.) 66 L. Ed. 201.

In response to appellants' argument as to confusion of names of the bank, the courts have often held that a mere misnomer is not fatal; but that is always when the cases are in the original cause of action, and where the sound of the names are practically the same. It must be a case of *idem sonans.* If they had used the name "Pickens Bank" and had spelled Pickens "Pickans" or "Pickens" or something like that, there would be more foundation for their argument, especially if the original

controversy had been between Campbell & Campbell and the Bank. "Hesse" and "Hesser" have been held to be not *idem sonans.* 15 R. C. L. 602; *Aetna Life Insurance Company* v. *Hesser,* 77 La. 381, 4 L. R. A. 122. It has also been held that "Ashley B. Bates" and "Asher B. Bates" are not *idem sonans.* 15 R. C. L. 602; *Bates* v. *St. Louis,* 7 Ark. 394, 46 Am. Dec. 293. It has been held that "Binkhead" and "Bankhead" are not *idem sonans.* 15 R. C. L. 602, 87 A. S. R. 670. Also that "Joset" is not the same as "Yoset." 15 R. C. L. 602, *Heil's Appeal,* 80 Am. Dec. 590.

In the Bolding case, so strongly relied upon by appellants, the defendant's name was merely misspelled. No fatal error was made in this name, or in the form of this name, and in addition to that we all know it is reasonable to assume that the suit was preceded by knowledge on the part of defendant of the accident giving rise to the claim for personal injuries. But the garnishee is nearly always a stranger to the original suit, and when the plaintiff in the original judgment undertakes to bring him in by garnishment proceedings the law does not charge the garnishee with any previous knowledge or information, and does not assume anything to get jurisdiction over the garnishee, and the money or property attempted to be reached in the garnishment proceedings.

The chancellor found as a matter of fact that the garnishment writ was served upon E. J. Spengler. But he also found and adjudicated that the writ was not served upon Mr. Spengler as an official of the Pickens Bank. In addition, the chancellor, upon our objection excluded the writ of garnishment, and the sheriff's return thereon from the consideration of the case. The sheriff should not have been permitted to testify over our objections. The sheriff cannot testify to impeach his own return, and really he cannot testify at all, because he could thus only testify in support of his return which naturally speaks for itself, and cannot be amplified or added to by verbal testimony of the sheriff. As to his return with the

conclusive effect imputed to it by law, the facts constitut-
ing lawful service must appear in his return with all
reasonable certainty. If it is susceptible of two ra-
tional interpretations it is shorn of the conclusiveness
which distinguishes an official return. 5 Stand. Proc.
628, Note; *Heath* v. *Mo. Pac. R. R. Company*, 83 Mo. 617.

A garnishee who fails to answer summons in garnish-
ment may, when sued by plaintiff, justify his payment
of the money to defendant after garnishment on the
ground that defendant had claimed it as exempt. *Black
Hills T. & T. Company* v. *Mitchell et al.*, 79 N. W. 999.
In an action against a private corporation the return of
the sheriff must affirmatively show that service was
made upon an officer or any agent of the corporation
specified in the statute as one upon whom service may
be made. *Mars et al.* v. *Ore. Co.*, 65 N. W. 19.

Garnishment is the exercise of a special and limited
statutory power, the requirements of which are juris-
dictional. *Penn. R. R. Co.* v. *Rogers*, 62 L. R. A. 178 (W.
Va.); *Price* v. *Tremont & G. R. R. Co.*, 55 S. W. 424 (La.).

The court below was correct in adjudicating and hold-
ing that the judgment in garnishment was void and of no
force and effect as to the Pickens Bank, and in making
the injunction perpetual.

Argued orally by *G. G. Lyell*, for appellants, and *G.
H. McMorrough*, for appellant.

COOK, J., delivered the opinion of the court.

On August 7, 1916, Campbell & Campbell, appellants,
secured a judgment in a justice court of Yazoo county
against J. F. Meeks. This judgment was not paid, and on
March 3, 1920, a writ of garnishment was issued on this
judgment by the circuit clerk of Yazoo county directed to
the Bank of Pickens. This writ was placed in the hands
of the sheriff of Holmes county for service, and he made
return thereon as follows:

"I have this day executed the within writ by delivering to the within named defendant E. J. Spengler a true copy of this writ. This the 13th day of March, A. D. 1920.

"D. J. CRAWFORD, Sheriff of Holmes County."

On the return day, no answer to the writ of garnishment having been filed, a judgment was entered against the Bank of Pickens, the judgment containing the following recital:

"It appearing to the court that the Bank of Pickens, garnishee, was duly served with process by handing to·the cashier of said Bank of Pickens a true copy of the writ of garnishment more than five days before the return day, and said Bank of Pickens having failed to make answer to said suggestion of garnishment, or to answer said garnishment writ in any way, and having failed to appear at all, it is ordered," etc..

Thereafter an execution was issued on this judgment against the Bank of Pickens, and the sheriff of Holmes county was proceeding to enforce collection thereof against the property and effects of the Pickens Bank, when a bill of complaint was filed in the chancery court of Holmes county by the said Pickens Bank seeking to enjoin further proceedings under or by virtue of this judgment against the Bank of Pickens.

The bill of complaint averred that no writ of garnishment issued under the judgment against J. F. Meeks was ever served upon the complainant, Pickens Bank, or upon any officer of said bank; that the judgment upon which said execution was issued was not against the complainant, but is against the Bank of Pickens, a chartered banking institution formerly located at Pickens, Miss., but which was liquidated in the chancery court of Holmes county, in a receivership proceeding which had been finally concluded; that the complainant and its officers were never connected in any way with said Bank of Pickens; that the complainant was not indebted to J. F. Meeks at the time of the alleged service of the writ of garnish-

ment, and that it had no knowledge of the existence of the judgment against J. F. Meeks until the sheriff attempted to secure payment thereof by the complainant. The bill prayed for an injunction restraining the defendants Campbell & Campbell, and the sheriff of Holmes county, from further proceedings to enforce collection of the judgment as against the complainant.

A temporary injunction was issued, and thereafter defendants, Campbell & Campbell, filed their answer, averring, among other things, that the said writ of garnishment was issued as required by law upon a proper suggestion, and that said writ was duly served by the sheriff of Holmes county upon E. J. Spengler, who was cashier of the Pickens Bank; that the name Bank of Pickens in said suggestion of garnishment and said writ of garnishment was a misnomer, as it was intended for the Pickens Bank; that said writ of garnishment was actually served upon E. J. Spengler, who was cashier of the Pickens Bank; that said E. J. Spengler was never cashier of the Bank of Pickens, and he should have known that it was intended to be served on him as the cashier of the Pickens Bank, and that the Pickens Bank was the party intended to be summoned as garnishee; that in taking a judgment against the Bank of Pickens there was merely a misnomer, and that said judgment is a valid judgment against the Pickens Bank, as it was intended to be so taken; that at the time of the service of the said writ of garnishment upon the said E. J. Spengler the said Pickens Bank was the only bank in the town of Pickens, Miss.; that the said Bank of Pickens had liquidated and ceased to do business several years before that date; that although the said writ was directed to be served on the Bank of Pickens, the complainant, Pickens Bank, was thereby fully informed of the issuance and purpose of said writ by the service of the same on its cashier, and that, since it did not avail itself of the opportunity to appear and make its defense, if any it had, to said action, it was then precluded from objection to said judgment and the execution thereon.

At the final hearing of the cause E. J. Spengler testified that he was then, and had been for about eight years, cashier of the Pickens Bank; that the Bank of Pickens went out of business in the year 1912, and since that time the Pickens Bank was the only bank doing business in the town of Pickens, and that the sheriff did not serve the writ of garnishment in question upon him. T. J. Crawford, the sheriff of Holmes county, identified the writ of garnishment and his return thereon, and testified that he served the writ on E. J. Spengler personally by delivering to him a copy of the writ; that Mr. Spengler was the cashier of the only bank then doing business in the town of Pickens. Upon this testimony the chancellor entered a decree finding that the writ of garnishment was served on E. J. Spengler, but as cashier of the Bank of Pickens instead of the Pickens Bank, and that this did not constitute a service upon the complainant, Pickens Bank, and consequently that the judgment rendered upon this service was void and of no force and effect as against the complainants, and also decreeing that the defendants should be perpetually enjoined from asserting any lien or claim against the complainant by virtue of this judgment.

We think the case of *Alabama & Vicksburg Ry. Co.* v. *Bolding,* 69 Miss. 255, 13 So. 844, 30 Am. St. Rep. 541, is decisive of the question here presented, the court there saying:

"There are cases which hold that one sued and served by a wrong name may disregard the summons. All agree that one summoned by a name not his own, and who appears and does not plead misnomer, waives it, and is bound by the judgment in the wrong name. There is no sound reason for a distinction in the two classes of cases. The true view is, that one summoned by a wrong name, being thus informed that he is sued, although not correctly described by his true name, not availing of his opportunity to appear and object, whereby the true name would be inserted in the proceedings (Code, section 1581), should be precluded from afterwards objecting. Having

remained silent when he might and should have spoken, he must ever afterwards be silent as to this matter. This view is sustained by the books. [Citing authorities.] There is no distinction in this respect between natural persons and corporations. When a summons is served on the authorized agent of a corporation, it is served on the corporation. He is the corporation for this purpose, and it is because of this that a judgment by default may be rendered at the return term against the corporation on whose agent summons is personally served, as we hold may be done.''

On the conflicting evidence upon the point, the chancellor expressly found that the writ of garnishment was served on E. J. Spengler, E. J. Spengler was never connected with the Bank of Pickens, an institution which had ceased to do business more than eight years prior to that time, but he was then, and for a long time had been, cashier of the Pickens Bank, the only bank doing business in the town of Pickens. He was the authorized agent of a going concern, and when the summons or writ was served on him, although the name of a defunct corporation of similar name was used therein, he was or ought to have been informed thereby that the corporation represented by him was summoned and required to answer the writ, and, the garnishee having failed to avail of the opportunity to appear and object to the misnomer, it is now precluded from objecting, and is bound by the judgment, though not against it by its true name.

The judgment of the court below will therefore be reversed, and judgment will be entered here dissolving the injunction and awarding the statutory damages.

*Reversed, and judgment here.*