Delta Cotton Oil Co. *v.* Planters' Oil Mill.*

(Division B. April 5, 1926.)

[107 So. 765. No. 25553.]

1. Judgment. *Judgment against Planters' Oil Mill Company, domiciled in county in which there were two corporations doing business capable of suing and being sued, one named Planters' Oil Mill & Manufacturing Company and other Planters' Oil Mill, held void for uncertainty.*

Where a judgment was obtained against the Planters' Oil Mill Company, domiciled in Leflore county, Miss., and there were two corporations doing business in said county capable of suing and being sued, one named Planters' Oil Mill & Manufacturing Company and the other Planters' Oil Mill, the judgment, being equally applicable to each company, is void for uncertainty, and the doctrine of *misnomer* applied in *A. & V. Ry. Co. v. Bolding*, 13 So. 844, 69 Miss. 255, 30 Am. St. Rep. 541, is not applicable.

2. Execution. *Judgment. Judgment against corporation by wrong name, which may be applied to either one of several corporations, is void, and execution thereon may be enjoined.*

A judgment against a corporation by a wrong name, which may be applied to either one of several corporations, is void, and execution thereon may be restrained by injunction.

*Corpus Juris-Cyc. References: Executions, 23CJ, p. 560, n. 93. Judgments, 33 CJ, p. 1200, n. 15.

Appeal from chancery court of Leflore county.
Hon. C. L. Lomax, Chancellor.

Suit by the Planters' Oil Mill against the Delta Cotton Oil Company for an injunction. From a judgment for the complainant, defendant appeals. Affirmed.

*Green, Green & Potter,* for appellant.

This case falls squarely within the doctrine announced by our supreme court in *A. & V. Ry. Co. v. Bolding*, 69 Miss. 264, and *Campbell & Campbell v. Pickens Bank*, 99 So. 378. Under these two cases, the chancellor erred in making the temporary injunction final, for the reason that there was only one going concern located in Leflore county at the time of the service of process; that the officers of the Planters' Oil Mill, when served with process under the name of the Planters' Oil Mill Company were bound to have then and there raised the question of misnomer; and having failed to speak, when under duty so to do, they are now estopped from claiming any misnomer.

While it is true that there was another corporation in Leflore county by a similar name, of which corporation

Pettey was also secretary and treasurer, the Planters' Oil Mill & Manufacturing Company; yet, the agreed statement shows that for some time prior to the filing of the suit in Hinds county, this company had not been operating any oil mills at all; that the Planters' Oil Mill, the complainant in the present case, was lessee of the property of the Planters' Oil Mill & Manufacturing Company; and was the sole corporation of that character doing business in Leflore county at the time of the institution of the Hinds county suit and service of process upon Pettey.

There could not have been any question in Pettey's mind but that the Planters' Oil Mill was the corporation intended to be sued; and this being true, the chancellor should have dismissed the writ of injunction.

*C. B. Snow,* and *Sam L. Gwin,* for appellee.

The suit in Hinds county, upon which the judgment in favor of the Delta Cotton Oil Company was rendered, was instigated against the *Planters' Oil Mill Company,* a corporation domiciled in *Greenwood,* in *Leflore county, Mississippi,* and the judgment is against the *Planters' Oil Mill Company,* a corporation domiciled in *Greenwood,* in *Leflore county, Mississippi. The Planters' Oil Mill,* appellee here, is not and has never been domiciled in Leflore county, Mississippi, but is domiciled in Grenada county, Mississippi; while the *Planters' Oil Mill & Manufacturing Company,* an entirely separate and distinct corporation, is domiciled in *Leflore county,* Mississippi. J. H. Pettey, the person on whom the process in the Hinds county suit was served, was, at the time, secretary and treasurer of both corporations. At the time of the filing of the suit in Hinds county, and the issuance of the writ of garnishment, against the *Planters' Oil Mill Company, of Leflore county, Mississippi,* the *Planters' Oil Mill & Manufacturing Company, of Leflore county, Mississippi,* was indebted to the non-resident defendant named in the bill of complaint; however, complainant,

142 Miss.—38.

the *Planters' Oil Mill, of Grenada county, Mississippi,* was not indebted to said non-resident defendant in any sum; and this condition was known to Pettey, the secretary and treasurer of each of said corporations.

Appellants insist that an *immaterial* misnomer exists in the Hinds county case, but this contention must necessarily be based upon the theory that there can be no mistake in who was sued, whom the Hinds county judgment is against, whom it was the intention to sue, and whom it was intended to take judgment against. 2 Fletcher's Cyc. Corporations, p. 1697; *Western Ry. of Ala.* v. *McCall,* 89 Ala. 375, 7 So. 650.

We are unable to see by what authority counsel can contend that an immaterial misnomer exists and the judgment should be held to be effective against the *Planters' Oil Mill Company,* domiciled in *Grenada county,* instead of against the *Planters' Oil Mill & Manufacturing Company,* domiciled in *Leflore county.*

Appellant insists that a mere immaterial misnomer exists in the Hinds county suit and in the decree rendered, and insists that the injunction ought not to have been granted against it by the decree appealed from and that it ought to be permitted to proceed against the goods and chattels of appellee, the *Planters' Oil Mill of Grenada county;* and in support of its contention, relies on *A. & V. Ry.* v. *Bolding,* 13 So. 844, 69 Miss. 255, and *Campbell & Campbell* v. *Pickens Bank,* 99 So. 378, 134 Miss. 559. These two cases not being at all similar, are not controlling here. Here we have two separate and distinct legal entities, both capable of suing and of being sued, both capable of levying executions and of being levied against. While the Planters' Oil Mill & Manufacturing Company was not actually engaged in operating an oil mill at the time of the Hinds county suit and the service of process thereon, it is admitted that the business of said corporation was similar to appellee's and that each of said corporations in the natural scope of their respective business would be calculated to do business with firms of said non-resident defendants, and

their business was substantially the same. The name of the one is as similar to the name of the corporation against whom the bill was filed and the judgment was rendered as the other. Both the *Bolding case, supra,* and the Pickens Bank case are predicated upon the theory that there could have been no mistake, no room for mistake, no confusing the intention.

Etheridge, J., delivered the opinion of the court.

The Delta Cotton Oil Company appeals from a judgment of the chancery court of Leflore county making perpetual an injunction sued out by the Planters' Oil Mill, appellee, restraining the levying of an execution obtained by the appellant in a suit against the Planters' Oil Mill. The facts involved are substantially as follows:

The Delta Oil Mill Company sued out an attachment in the chancery court of Hinds county against the individuals composing the firm in Memphis, Tenn., known as the Humphreys-Godwin Company, in which it is alleged that such Humphreys-Godwin Company was indebted to the Delta Cotton Oil Company. It is further alleged that F. A. Shingleur, a resident citizen of Jackson, Miss., and the Planters' Oil Mill Company, a corporation duly domiciled at Greenwood, Leflore county, Miss., were indebted to the Humphreys-Godwin Company and had effects within the state of Mississippi belonging to said partnership, and prayed that said parties be required to plead, answer, or demur to the bill, and for a decree in favor of the Delta Cotton Oil Company against the said Humphreys-Godwin Company, and for the other defendants, in the sum of one thousand two hundred eighty-one dollars and twenty-two cents, or such amount as the other defendants were indebted to the Humphreys-Godwin Company. Personal summons was served on F. A. Shingleur, and he filed his answer.

Summons was issued on this bill to the "Planters' Oil Mill" of Leflore county, Miss. This summons was served on J. H. Pettey, who was the agent of the Planters' Oil

Mill, which has its domicile at Grenada, Grenada county, Miss., and who was also agent of the Planters' Oil Mill & Manufacturing Company, a corporation domiciled at Greenwood, Leflore county, Miss. Judgment was rendered in the original suit in favor of the Delta Cotton Oil Company against the "Planters' Oil Mill Company, a corporation domiciled at Greenwood, Miss., in the sum of one thousand three hundred thirty-one dollars and eighty-three cents, together with interest thereon from and after this date until paid," etc. An execution was issued upon this judgment by the chancery court of Hinds county and sent to the sheriff of Leflore county, who was proceeding to levy the execution on the property of the Planters' Oil Mill; whereupon that corporation filed a bill to restrain the sheriff from levying the execution and to restrain plaintiff from causing said judgment to be enforced, in which bill the foregoing facts were substantially alleged, together with the allegation that, at the time of the issuance and service of the process, J. H. Pettey, the secretary and treasurer of the Planters' Oil Mill, was also the secretary and treasurer of the Planters' Oil Mill & Manufacturing Company, a corporation domiciled in Leflore county, Miss., and that the Planters' Oil Mill was a corporation domiciled in Grenada county, Miss., and that the Planters' Oil Mill & Manufacturing Company was at this time and still is domiciled in Leflore county, Miss. That said Pettey was familiar with the operations of the two companies at the time of the service of the process on him, and that he knew that the Planters' Oil Mill & Manufacturing Company was indebted to the Humphreys-Godwin Company in a greater sum than that now claimed in the suit, and also knew that the Planters' Oil Mill was not indebted to the said Humphreys-Godwin Company. That the bill was filed against the Planters' Oil Mill Company, alleging it to be a corporation domiciled in Leflore county, Miss., but that the summons issued on the said judgment was issued against the Planters' Oil Mill, and was served by the sheriff of Leflore county Miss., on J. H. Pettey, the secretary and

treasurer of the Planters' Oil Mill, which is a corporation domiciled in Grenada, Grenada, county, Miss., and that said original bill of complaint and the decree entered thereon was against the Planters' Oil Mill Company, a corporation domiciled in Leflore county, Miss., and that said process was void, and the final decree rendered on said process was void.

It is further alleged that there are many corporations in the Delta section of the state having names and titles similar to that of the complainant.

The bill for injunction was answered, and in this answer it was alleged, among other things, that the Planters' Oil Mill & Manufacturing Company, while a corporation domiciled in Leflore county, Miss., and, while the Planters' Oil Mill was a corporation domiciled at Grenada, Grenada county, Miss., that in fact both were owned and operated by the same persons, and that the Planters' Oil Mill was operating the property of the Planters' Oil Mill & Manufacturing Company for a rental, and that the only effect of requiring the appellee to pay the demand adjudged in the judgment against the Planters' Oil Mill Company would be to apply the money or property of the Planters' Oil Mill & Manufacturing Company to satisfy said judgment and take credit therefor on its leased contract. It was not denied in the answer that the Planters' Oil Mill & Manufacturing Company was the corporation which was in fact indebted to the Humphreys-Godwin Company.

On the trial it was agreed that at the time of the filing of the suit entitled *"Delta Cotton Oil Company* v. *Humphreys-Godwin Co. et al.,"* in the chancery court of Hinds county, and at the time of the service of process against J. H. Pettey in Leflore county, Miss., the Planters' Oil Mill & Manufacturing Company was the owner of the physical property of the mill located in Leflore county, Miss., and the Planters' Oil Mill, domiciled in Grenada county, Miss., was the lessee in charge of the operation of the Planters' Oil Mill & Manufacturing Company's physical property in Leflore

county, Miss., and that the Planters' Oil Mill & Manu-
facturing Company was not operating any mill at this
time or since except as lessor.

The charter of the Planters' Oil Mill was introduced
in evidence, and shows that its domicile was at Grenada,
Grenada county, Miss.

The deposition of Mr. Gowdy for the defendant in the
injunction suit, said Gowdy being the general manager of
the Delta Cotton Oil Company, was to the effect that
prior to the filing of the original suit in the chancery
court of Hinds county against the Humphreys-Godwin
Company that he had a conversation with Mr. Pettey
relative thereto in the office of the Delta Cotton Oil Com-
pany in Jackson, Miss., and that in that conversation he
obtained information that the company represented by
Mr. Pettey was indebted to the Humphreys-Godwin Com-
pany, and that he, Gowdy, told Mr. Pettey that they
would garnishee them on said debt, and that Mr. Pettey
understood that suit would be filed by attachment against
the Humphreys-Godwin Company.  Mr. Gowdy stated
that Mr. Pettey's language was that "he" or "we"
owed the Humphreys-Godwin Company some money;
that he understood it was not a personal shipment that
Mr. Pettey was making to the Humphreys-Godwin Com-
pany, but that he was going to ship for the company.

The chancellor made the injunction granted on the in-
junction bill perpetual, restraining the sheriff from levy-
ing execution and the appellant from further enforcing
the judgment as against the property of the Planters'
Oil Mill.

From this judgment the Delta Cotton Oil Company ap-
peals, and insists that the principles announced in the
case of *Alabama & Vicksbury Railway Co.* v. *Bolding,* 13
So. 844, 69 Miss. 255, 30 Am. St. Rep. 541, and in *Camp-
bell & Campbell* v. *Pickens Bank,* 99 So. 378, 134 Miss.
559, are controlling here, and the judgment of the chan-
cery court of Hinds county was valid against the Plant-
ers' Cotton Oil Mill because it was a mere misnomer,

which the appellee was under duty to set up in the suit in the chancery court of Hinds county.

In the case of *Alabama & Vicksburg Railway Co.* v. *Bolding, supra,* Bolding filed a declaration against the Alabama & Vicksburg Railroad Company, and summons conforming to this declaration was returned as follows: "Executed this twentieth of November, 1890, R. J. Harding, Sheriff," etc. On the return day, no appearance having in the meantime been entered for the defendant, the court allowed the former judgment by default to be set aside, and the return to be amended so as to read:

"Executed in person upon the defendant, by the handing to C. W. Barber, agent of the Alabama & Vicksburg Railroad Company, at Edwards, Hinds county, Miss., a true copy hereof."

A judgment by default was thereupon rendered, and without another writ of inquiry the jury was impaneled and judgment rendered against the Alabama & Vicksburg Railroad Company. Execution upon this judgment was levied upon the property of the Alabama & Vicksburg Railway Company, which presented a petition verified by oath praying that judgment be vacated and execution quashed on the ground that the judgment was not against the petitioner according to its true corporate name, and that summons had not in fact been served on its agent, Barber, but that service on said agent, if had, was not sufficient, because the corporation had its domicile in Jackson, in the first district of Hinds county. In the opinion of the court (13 So. 846, 69 Miss. 263), Judge Campbell said:

"The declaration and summons were against A. & V. Railroad Company. The summons was served on Barber, station agent of the Alabama & Vicksburg Railway Company, and the judgment by default was against the A. & V. Railroad Company, on which execution issued against A. & V. Railroad Company. The claim is that a valid judgment could not be given in this state of case under which to take the property of the A. & V. Railway Company.

"The question is as to the effect of the misnomer.
There are cases which hold that one sued and served by
a wrong name may disregard the summons. All agree
that one summoned by a name not his own, and who ap-
pears and does not plead misnomer waives it, and is
bound by the judgment in the wrong name. There is no
sound reason for a distinction in the two classes of
cases. The true view is, that one summoned by a wrong
name, being thus informed that he is sued, although not
correctly described by his true name, not availing of his
opportunity to appear and object, whereby the true name
would be inserted in the proceedings (Code section 1581),
should be precluded from afterwards objecting. Having
remained silent when he might and should have spoken,
he must ever afterwards be silent as to this matter."

In *Campbell & Campbell* v. *Pickens Bank,* 99 So. 378,
134, Miss. 559, a writ of garnishment was served on the
cashier of the Pickens Bank. The judgment upon which
the garnishment was issued was against one Meeks, and
directed to the Bank of Pickens, and was placed in the
hands of the sheriff of Holmes county to be served, and
he made return thereon as follows:

"I have this day executed the within writ by deliver-
ing to the within named defendant E. J. Spengler a true
copy of this writ. This the 13th day of March, A. D.
1920."

The Pickens bank and the cashier thereof failed to an-
swer, and judgment was entered reciting:

"It appearing to the court that the Bank of Pickens,
garnishee, was duly served with process by handing to
the cashier of said Bank of Pickens a true copy of the
writ of garnishment more than five days before the re-
turn day, and said Bank of Pickens having failed to
make answer to said suggestion of garnishment, or to
answer said garnishment writ in any way, and having
failed to appear at all, it is ordered," etc.

And judgment was entered against the Bank of Pick-
ens, and the sheriff was proceeding to enforce the col-
lection thereof against the property and effects of the

Pickens Bank, when an injunction was sued out, and the court below made such injunction perpetual. It appeared in that case that the Bank of Pickens had gone out of business, and that there was no bank of that name in existence at the time of the garnishment, but that the Pickens Bank was doing business at the old stand of the Bank of Pickens, and that garnishment was served upon the cashier of the Pickens Bank. The court held that that case was controlled by the case of *Alabama & Vicksburg Railway Co.* v. *Bolding,* 13 So. 844, 69 Miss. 255, 30 Am. St. Rep. 541, and rendered judgment against the Pickens Bank.

We think those cases are not controlling here, for the reason that there are two corporations in existence, both subject to be sued, to whom equally the description and name in the judgment might apply. The judgment was entered against the Planters' Oil Mill Company, whereas one of the corporations was called the Planters' Oil Mill and the other was called the Planters' Oil Mill & Manufacturing Company. The bill alleges, and it is not denied, that the Planters' Oil Mill & Manufacturing Company was the company actually indebted to the principal defendant, and it seems to us that the description could apply equally as well to this company as to the appellee. Where two persons or corporations have similar names, and a suit is filed against a person or corporation having similar but not exactly the same name as the one sued, the judgment may be applied to one as readily as to the other, and there is such uncertainty as would make the rule of misnomer inapplicable. In such case the plaintiff must know whom he is suing, and may not depend upon the doctrine of misnomer. That doctrine is a wholesome doctrine, but it must be limited to the cases where the identity of the persons sued and against whom judgment is rendered is not doubtful.

The judgment of the court will be affirmed.

*Affirmed.*