483 So.2d 321 (1986)
SOUTHERN TRUCKING SERVICE, INC.
v.
MISSISSIPPI SAND AND GRAVEL, INC.
No. 55960.
Supreme Court of Mississippi.
January 29, 1986.
*322 James B. Galloway, Eaton, Cottrell, Galloway, Lang & Stone, Gulfport, for appellant.
Thomas T. Buchanan, Buchanan & Graham, Laurel, for appellee.
Before ROY NOBLE LEE, P.J., and SULLIVAN and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
This is an appeal from the Circuit Court of Perry County. The source of this case is a default judgment rendered by that court in an earlier cause styled Mississippi Sand & Gravel, Inc. v. Eddie Hinton, individually and d/b/a/ New Augusta Ready-Mix Concrete.
The present action began on November 8, 1982, when the appellee filed suit in the Circuit Court of Perry County to establish and enforce a lien on the default judgment. The complaint named Mississippi Sand & Gravel, Inc. as plaintiff, alleging that it was a "domestic corporation licensed to do business in the State of Mississippi". It named Coast Materials Co. as a defendant, alleging that Coast had bought a substantial part of New Augusta's Ready-Mix's equipment and inventory at a time when the plaintiff was a creditor protected by the bulk transfer provision of the Uniform Commercial Code. [MCA §§ 75-6-101, et. seq. (1972)], and contended that plaintiff had a lien on the equipment purchased.
The cause came to trial on September 27, 1983. At that time it was announced that Coast Material Co. had erroneously been named as a defendant, and both parties had agreed to the substitution of Southern Trucking Services, Inc. as the true defendant. Trial was held on the merits without a jury, and on October 21, 1983, the Judge issued an opinion resolving the issues of fact in the plaintiff's favor and giving a judgment in the full amount of the lien.
Southern Trucking then moved for relief from the judgment under the provisions of Rule 60(b)(4) Mississippi Rules of Civil Procedure. *323 Southern contended that the judgment was void because no Mississippi corporation named "Mississippi Sand & Gravel, Inc." existed and that the complaint had been brought on behalf of a plaintiff not a legal entity. The plaintiff cross-moved for a correction of the judgment under Rule 60, MRCP, to reflect the plaintiff's true identity.
Hearing was held on the motion, and there was testimony that the plaintiff's actual name was "South Mississippi Sand & Gravel, Inc." and that the naming of the wrong plaintiff in the complaint came about as the result of a legal secretary's error. On April 6, 1984, the trial judge denied the motion for relief from judgment and granted the plaintiff's cross motion, correcting the judgment so that it stood in favor of South Mississippi Sand & Gravel, Inc.
It is the rule everywhere that "in every action there must be a real plaintiff, who is a person in law and who is possessed of a legal entity and capacity to sue." Collins v. General Electric Co., 239 Miss. 825, 833, 123 So.2d 609, 613 (1960). There is no question that the actions and judgment in the present case were defective, since the actions were brought in the name of "Mississippi Sand & Gravel, Inc." and the real plaintiff was "South Mississippi Sand & Gravel, Inc." The question is whether the defect can be amended. The court below obviously accepted the appellee's contention that Rule 60 gives it plenary power to amend defective judgments at any time. The appellant, on the other hand, argues that since a complaint brought in the name of a party not a legal entity is a nullity, there was nothing for the court to amend.
The factual setting of this case is peculiar. Thankfully, no other case has been found in which two entire actions were brought and completed by means of complaints containing incorrect names for the plaintiff. Such sloppiness appears to be unusual.
Appellants argue that "a complaint brought in the name of a plaintiff which is neither a natural or artificial person is a nullity which cannot be amended ..." 67A C.J.S., Parties, § 172. They further argue that the present action, initiated by a complaint which gave an incorrect corporate name for the plaintiff, falls within this category. There is some authority for this sweeping view. E.g., Miller's Estate v. St. Joseph County Home, 119 Ind. App. 437, 439, 87 N.E.2d 886, 887 (1949) (home not legal entity but merely "name of the place"); Commercial & Savings Bank of Lake City v. Ward, 146 S.C. 77, 83, 143 S.E. 546, 547-48 (1928) (erroneous assertion of corporate status). Many of the cases associated with this proposition, however, involve entities which would not have the right to sue under any name. E.g., Estate of Schoeller v. Becker, 33 Conn. Supp. 79, 360 A.2d 905, 906 (1975) (estate has no standing to sue); Zisser v. Bronx Cigar Corp., 91 Misc.2d 1025, 399 NYS2d 109, 110 (N.Y.C. Civ.Ct. 1977) (statutory bar against attorney suing on behalf of client cannot be cured by amendment); Town of Barton v. Town of Sutton, 93 Vt. 102, 103, 106 A. 583, 584 (1919) (amendment cannot circumvent statute denying standing to sue to towns).
However, this harsh view has not always found favor. In the very authority cited by the appellant, [67A C.J.S. Parties § 172] the next passage says:
"a complaint brought in the name of a plaintiff that may be either a natural or artificial person may be so amended as to cure any misnomer or description of the plaintiff (citations omitted) and where the name does not import, but in fact is, a legal entity, the defect may be cured by an amendment alleging its actual character. Moreover, an amendment is proper where the named defendant is a non-existent corporation but the proper corporation is the only one by that name and the defendants are familiar with the transaction."
Having no Mississippi case on the matter, we find it expedient to see what other jurisdictions have done in similar circumstances. Georgia has had several cases of this type. An early ruling seemed *324 to follow the hard-line view favored by the appellants. Smith v. Commissioners of Roads and Revenue of Glynn County, 198 Ga. 322, 323-24, 31 S.E.2d 648, 649 (1944). A later case, however, held that the result might be different if an actual party were in court, but was not called by his proper name. Myrtle Lodge No. 1663, I.O.O.F. v. Quattlebaum, 207 Ga. 575, 576, 63 S.E.2d 365, 366 (1951). Later Georgia decisions have held that when a name in a complaint erroneously imports a corporation, it may be amended to show the true name. Donald v. Luckie Strike Loans, Inc. 148 Ga. App. 318, 32, 251 S.E.2d 168, 169-70 (1978); Powell v. Fergusson Tile and Terrazzo Co., 125 Ga. App. 683, 684, 188 S.E.2d 901, 903 (1972). Georgia practice does, however, impose the requirement that the amendment be made prior to the judgment. This is contrary to the general rule, which is that an amendment correcting a misnomer is permissible at any time or any stage of the proceedings. 67A C.J.S. Parties § 176.
It is also the general rule that when such amendments are made, they relate back to the beginning of the action, except where other rights have intervened. Id. § 172.
Thus, in a case like the present one, when a judgment is amended, it is as though the entire action had been conducted in the correct name of the plaintiff.
The better view seems to be that of the recent Georgia cases allowing such amendments. This is especially true under the facts of the present case, where no one denies that the action involves an actual entity, the problem being that it was simply called by the wrong name throughout. We reject the appellant's contention that a trial court has no power to amend its judgment in cases like this one. Under our Rule 60, the Court's power to amend its judgments is plenary.
Appellant argues that in any case, Rule 60(A) was not the proper vehicle for the appellee's cross motion. Relying on the drafter's comments to Rule 60, appellants argue that because the misnomer rendered the action a nullity, it was not a "clerical error", but rather an error of "a more substantial nature which must be corrected in accordance with MRCP 59(e) or 60(b)." This argument simply begs the question of the effect of the misnomer on the action. Moreover, there is substantial authority holding that the defect of the type of the present case are not really substantive. One court has expressed the matter, thus:
The ultimate test of whether error is misnomer or a material change in parties is most equitably the understanding and intents of the parties; if the error is such as to mislead the parties into thinking that another entity was meant ... the mistake is material and should not be amended. (Cigan v. St. Regis House Hotel, 72 Ill. App.3d 884, 887, 29 Ill.Dec. 38, 41, 391 N.E.2d 197, 200 (1979).)
See also Bank of America v. Superior Court for Los Angeles County, 35 Cal. App.3d 555, 110 Cal. Rptr. 709, 710 (1973). (bank "knew at all times the case it had to meet" despite misnomer).
In the present case, the error in the nomenclature did not mislead anyone. Everyone knew, from start to finish what this lawsuit was about. Therefore, the mistake seems clearly within the scope of Rule 60(a).
But in spite of all this, it seems to us that the appellant must prevail. This is so because the misnomer also existed in the earlier suits, and was never amended. South Mississippi Sand & Gravel was therefore never an authentic judgment creditor of Eddie Lee Hinton. The order granting the appellee's cross motion corrected only the judgment in the present action rendered on October 21, 1983. It did not amend the original default judgment, on which the present action was based. Because the default judgment against Hinton suffered from the same defects as the judgment in the present action and was never amended, it was void. A void judgment, of course, can furnish no basis for any subsequent action, including the present one. Therefore, the judgment *325 must be reversed and judgment rendered for the appellant.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.