# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-00983-SCT

*MARY SCAGGS*

*v.*

*GPCH-GP, INC. d/b/a GARDEN PARK MEDICAL CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/22/2008 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WOODROW W. PRINGLE, III |
| ATTORNEYS FOR APPELLEE: | KAARA LENA LIND |
| | WILLIAM E. WHITFIELD, III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 10/08/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, JUSTICE, FOR THE COURT:**

¶1.     This is an appeal of the dismissal of a personal-injury case that began in 2002. Mary Scaggs was being treated at the appellee's medical facility, where she claims she fell from an examination table and was injured as a result. Scaggs named "Garden Park Medical Center" as the defendant, rather than "GPCH-GP, Inc. d/b/a Garden Park Medical Center" ("GPCH-GP, Inc."). The procedural history of this matter includes a prior appeal to this Court. *See Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274 (Miss. 2006) ("*Scaggs I*"). In September 2007, the Circuit Court of the First Judicial District of Harrison County granted

GPCH-GP, Inc.'s dismissal motion, finding that Scaggs's amended complaint, which amended only GPCH-GP, Inc.'s name, was untimely. Finding error, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2. Scaggs filed her original complaint on April 12, 2004. Summons was issued to Garden Park Medical Center, the d/b/a of GPCH-GP, Inc. The return was filed on April 21, 2004, revealing service on the chief executive officer of Garden Park Medical Center. A motion to dismiss and/or for summary judgment was filed by GPCH-GP, Inc., d/b/a Garden Park Medical Center (erroneously identified as Garden Park Medical Center), on May 10, 2004. The motion asserted *inter alia* that Scaggs had failed to: (1) identify the correct defendant and serve process upon the registered agent for service of process, and (2) file within the applicable two-year statute of limitations. Thus issue was joined. Scaggs responded by arguing that she should be allowed to amend the caption of her pleading so that GPCH-GP, Inc. would be correctly named. The trial court granted GPCH-GP, Inc.'s motion, solely on the statute-of-limitations issue, but did not address the issue of misnomer. On appeal, this Court reversed and remanded, holding that Scaggs was not barred from proceeding, as the statute of limitations had not expired. *Id.* at 1277.

¶3. After remand, GPCH-GP, Inc., filed a motion to dismiss and/or for summary judgment, reasserting that Scaggs had not identified and served process on the correct defendant. Scaggs responded by relying on her previous filings. After a hearing, the trial court granted Scaggs leave to amend. Scaggs then filed her amended complaint in September 2007, amending only the name of the defendant.

2

¶4. GPCH-GP, Inc., then moved to dismiss the amended complaint, arguing that Scaggs had not filed her action against GPCH-GP, Inc., within the statute-of-limitations requirements of Mississippi Code Section 15-1-36. The trial court granted GPCH-GP, Inc.'s dismissal motion, stating, "Since the requirements under Miss. R. Civ. P. 15(c) have not been met, [Scagg's] amended complaint does not relate back to the original complaint and should therefore be dismissed as time barred." Scaggs appeals the dismissal.

## DISCUSSION

¶5. One issue is before the Court.

**WHETHER IT WAS ERROR TO DISMISS THE AMENDED COMPLAINT.**

¶6. We are called upon to rule on a motion to dismiss involving a pure question of law. In such instances, "[t]his Court reviews de novo a trial court's grant or denial of a motion to dismiss." *Forest Hill Nursing Ctr. & Long Term Care Mgmt., LLC v. Brister*, 992 So. 2d 1179, 1187 (Miss. 2008).

¶7. Scaggs filed her amended complaint in September 2007. The statute of limitations expired in May 2004. *See Scaggs I*, 931 So. 2d at 1277. Thus, her complaint is time-barred unless it relates back to the original complaint. An analysis of Mississippi Rule of Civil Procedure 15(c) is necessary here. It states the following:

> **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:

3

(1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and

(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.

Miss. R. Civ. P. 15(c).

¶8.     GPCH-GP, Inc., concedes that (1) the amended pleading arose out of the same conduct set forth in the original pleading; and (2) it had received notice of the institution of the action such that it would not have been prejudiced in maintaining a defense on the merits. Thus, the only language in the rule at issue is as follows:

An amendment *changing the party* against whom a claim is asserted relates back if . . . within the period provided by Rule 4(h) for service of the summons and complaint, the *party to be brought in* by amendment . . . knew or should have known that, but for a mistake concerning the identity of the proper party, *the action would have been brought* against the party.

Miss. R. Civ. P. 15(c) (emphasis added). Here, Scaggs was not attempting to substitute the party brought in originally or to bring in a new party. She was merely attempting to correct a misnomer, so that the defendant would be correctly named as "GPCH-GP, Inc., d/b/a Garden Park Medical Center," instead of simply its d/b/a "Garden Park Medical Center." The lack of a claim being asserted against a new party renders the above-quoted portion of Rule 15(c) inapplicable. The applicable portion of the rule is thus reduced to the following: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the

4

amendment relates back to the date of the original pleading." GPCH-GP, Inc., has conceded this section of the rule; thus, the amendment relates back, making it error to have dismissed Scaggs's complaint.

¶9.    This Court has long recognized that the doctrine of misnomer allows parties to correct party-name errors if doing so would not result in prejudice. *See **S. Trucking Serv., Inc. v. Miss. Sand and Gravel, Inc.***, 483 So. 2d 321, 323-24 (Miss. 1986); ***Delta Cotton Oil Co. v. Planters' Oil Mill***, 107 So. 764, 766-67, 142 Miss. 591 (1926); ***Ala. & Vicksburg Ry. Co. v. Bolding***, 13 So. 844, 846, 69 Miss. 255 (1891).  In ***Southern Trucking***, the plaintiff's complaint misidentified the plaintiff's corporate name, "South Miss. Sand & Gravel," but instead used "Miss. Sand & Gravel." ***S. Trucking***, 483 So. 2d at 323-24.  Although that complaint was dismissed for other reasons, the ***Southern Trucking*** Court reaffirmed the doctrine of misnomer. ***Id.***  The Court cited Georgia cases holding that an erroneous corporate name should be correctable if "an actual party were in court, but was not called by his proper name." ***Id.*** at 324 (citing ***Myrtle Lodge No. 1663, I.O.O.F. v. Quattlebaum***, 63 S.E.2d 365, 366 (Ga. 1951); ***Donald v. Luckie Strike Loans, Inc.***, 251 S.E.2d 168, 169-70 (Ga. Ct. App. 1978)).  The Court stated the "general rule, which is that an amendment correcting a misnomer is permissible at any time or any stage of the proceedings." ***S. Trucking***, 483 So. 2d at 324 (citing 67A C.J.S. *Parties* § 237).  The wisdom revealed in the quote from Corpus Juris Secundum is no less compelling today than when it was first written:

> A misnomer or misdescription in the name of a party may be corrected by amendment, provided it does not effect an entire change of parties or cause a fraudulent or unjust result.  As a general rule, frequently under statutes or rules of court so permitting, an error in the name or description of a party, whether a misnomer or misdescription in the name of a plaintiff or a misnomer or

5

misdescription in the name of a defendant, may be corrected by an amendment of the appropriate pleading. Such an amendment, however, should not be allowed where it effects an addition or substitution of parties, or entire change of parties, or causes a fraudulent or unjust result. If the effect of an amendment of a pleading is merely to correct the name of a person, and the proper party is actually in court, as where process has actually been served on the true defendant, or he has appeared and defended or otherwise submitted himself to the jurisdiction of the court, there is no prejudice. However, if the other party suffers prejudice or surprise, the petition to change the name of a party will not be permitted. Additionally, when the proper party was not served and therefore is not before the court, a plaintiff who seeks to correct a name or description of the party in the complaint that is deficient in some respect must demonstrate compliance with the rule governing relation back of amended pleadings.

67A C.J.S. *Parties* § 237, pp. 760-61 (2002).

¶10.   This Court has allowed judgments to stand, notwithstanding a misnomer, "where the identity of the persons sued and against whom judgment is rendered is not doubtful." **Delta Cotton Oil**, 107 So. at 767. In **Bolding**, the Court allowed execution of a judgment in which the plaintiff sued "A. & V. Railroad Company," even though the correct name "Alabama & Vicksburg Railway Company" was not pleaded. **Bolding**, 13 So. at 846.

¶11.   Our Court of Appeals followed the same logic in **Mieger v. Pearl River County**, 986 So. 2d 1025 (Miss. Ct. App. 2008). The plaintiff sued the "Pearl River County Sheriff's Department," instead of "Pearl River County." **Id.** at 1026. Shortly after filing suit, the plaintiff sent a notice of claim to the president and clerk of the county board of supervisors. **Id.** at 1025-26. After the Sheriff's Department moved for dismissal for failure to name a political subdivision as a party, the plaintiff moved for leave to amend her complaint, arguing that the proper county officials had been put on notice and knew that a suit would be filed. **Id.** at 1026. The Court of Appeals held that the receipt of the notice of claim by the county

6

officers satisfied the requirements of Rule 15(c). *Id.* at 1028. Here, as in *Mieger*, the proper defendant was put on notice and knew not only that a suit would be filed; it already had been filed.

¶12.   Our ruling today is consistent also with federal court rulings throughout the country. The Fifth Circuit Court of Appeals has held that amended complaints should relate back when a misnomer occurs. *See Hensgens v. Deere & Co.*, 869 F.2d 879, 884 (5th Cir. 1989); *Montalvo v. Tower Life Bldg.*, 426 F.2d 1135 (5th Cir. 1970). In *Hensgens*, the plaintiff sued "John Deere Corp." as opposed to its proper name, "Deere & Co." *Hensgens*, 869 F.2d at 880. *Hensgens* was a diversity case in which the court applied Louisiana law. *Id.* Judge Wisdom stated, "Law is not a game of scrabble," and described John Deere's arguments as "captious puzzlements [that] have a bearing on this case in the limited sense that they carry to absurdity the defendant's argument, basically, that the plaintiff must suffer for her lawyer's mistake, one that the parties knew was an insignificant error in nomenclature." *Id.* at 884. In *Montalvo*, the plaintiffs named the "Tower Life Building" as the defendant, instead of "Tower Life Ins. Corp." *Montalvo*, 426 F.2d at 1137-38. That court allowed an amended pleading to relate back because *inter alia* "the Company knew or should have known that the plaintiffs had every intention of bringing suit against their employer – whatever the employer's proper legal name might be . . . ." *Id.* at 1147.

¶13.   Other federal circuit courts are in accord. *See Roberts v. Michaels*, 219 F.3d 775, 778-79 (8th Cir. 2000) (plaintiff allowed to amend from "Midsouth Food Vending Service, Inc." to "Ron Michaels d/b/a Mid-South Vending"); *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999) (absence of "Inc." deemed insignificant and

7

irrelevant); ***Athmer v. C.E.I. Equipment Co. Inc.***, 121 F.3d 294, 296 (7th Cir. 1997) ("A misnomer is nothing more than an error in the drafting of the complaint, and it ought to be corrigible by amendment . . . ."); ***Worthington v. Wilson***, 8 F.3d 1253, 1256 (7th Cir. 1993) ("amendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court . . . ").

¶14.    To support their arguments, appellees have cited ***Ralph Walker, Incorporated v. Gallagher***, 926 So. 2d 890 (Miss. 2006), and ***Wilner v. White***, 929 So. 2d 315 (Miss. 2006), and cases cited therein.  However, a reading of each reveals clear and important distinctions. In ***Ralph Walker***, the plaintiff sought to add a new defendant after the expiration of the statute of limitations.  *See **Ralph Walker***, 926 So. 2d at 892.  In ***Wilner***, the plaintiff sought to add four additional defendants after expiration of the statute of limitations.  *See **Wilner v. White***, 929 So. 2d at 317-18.  Thus, in citing ***Wilner***, GPCH-GP, Inc. "fail[s] to consider the well-recognized distinction between a complaint that sues the wrong party, and a complaint that sues the right party by the wrong name."  ***Roberts v. Michaels***, 219 F.3d 775, 777-78 (8th Cir. 2000).

¶15.    The ***Wilner*** Court cited two cases that are likewise distinguishable.  *See **Nelson v. Adams USA, Inc.***, 529 U.S. 460, 120 S. Ct 1579, 146 L. Ed. 2d 530 (2000); ***Curry v. Turner***, 832 So. 2d 508 (Miss. 2002).  In ***Curry***, the plaintiff in a wrongful-death action first sued the person who had killed the decedent.  ***Curry***, 832 So. 2d at 509.  After the original statute of limitations expired, the plaintiff attempted to add *additional new* defendants: (1) the killer's relatives, under a negligent-entrustment theory; and (2) the owner of the building where the incident had occurred, under a premises-liability theory.  ***Id.***  This Court dismissed the

complaints against the *newly-named* defendants, as they had not been given notice of the original complaint. *Id.* at 513-14. In *Nelson*, the plaintiff originally sued a corporation and later attempted to add the sole shareholder of the corporation. *Nelson*, 529 U.S. at 462-63. The U.S. Supreme Court dismissed the complaint against the *newly-named* party because he had been denied "all opportunity to be heard in response to the amendment." *Id.* at 467 n.1. The Court noted also that Federal Rule of Civil Procedure 15 "applies only in cases involving 'a mistake regarding the identity of a proper party.'" *Id.* (quoting Fed. R. Civ. P. 15(c)(3)(B)). The *Nelson* plaintiff had made no such mistake, because he had known of the sole shareholder's role all along, but had chosen not to include him as a defendant until after the statute of limitations had run. *Nelson*, 529 U.S. at 467 n.1.

¶16.    GPCH-GP, Inc.'s argument that Scaggs failed to make a diligent effort to amend the complaint is misplaced, as "reasonable diligence" is inapplicable. We have stated that "[r]easonable diligence is a standard only for determining the efforts made to discover the true identity of a named fictitious party under Rule 9(h)." *Wilner*, 929 So. 2d at 323. Rule 9(h) does not apply. Scaggs is seeking to correct a misnomer, not to sue a previously-unknown "John Doe" defendant.

¶17.    Allowing the dismissal to stand would deny Scaggs an opportunity for a trial on the merits because of a misnomer in the complaint. Scaggs should not be penalized for the misnomer, because no such penalty exists under the facts of this case, in which the correction is simple and prejudices no one. Accordingly, we reverse the judgment of the trial court and remand for further proceedings.

¶18.    **REVERSED AND REMANDED.**

**WALLER, C.J., GRAVES, P.J., DICKINSON, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. CARLSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**CARLSON, PRESIDING JUSTICE, DISSENTING:**

¶19. Because the majority finds that "Scaggs was not attempting to substitute the party brought in originally or to bring in a new party" and that only *part* of the relation-back doctrine is applicable, I respectfully dissent.

¶20. As stated by the majority, Mississippi Rule of Civil Procedure 15(c) states:

> **Relation Back of Amendments**. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and
>
> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.

Miss. R. Civ. P. 15(c). In the case before us, GPCH-GP, Inc., does not dispute the first two prongs of the relation-back test and concedes that the claims "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." GPCH-GP, Inc., also does not dispute that it received such notice of the institution of the action that it will not be prejudiced in maintaining a defense. *See* Miss. R. Civ. P. 15(c)(1). However, GPCH-GP, Inc., correctly disputes the third prong,

10

whether it "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Miss. R. Civ. P. 15(c)(2). The majority arrives at the conclusion that Scaggs was "merely attempting to correct a misnomer, so that the defendant would be correctly named as 'GPCH-GP, Inc., d/b/a Garden Park Medical Center,'" so the third prong of the relation-back doctrine is inapplicable. I must disagree with this conclusion.

¶21. Here, according to the record, Scaggs failed to serve process upon the correct registered agent for GPCH-GP, Inc. Instead, Scaggs caused process to be issued for service upon "Garden Park Medical Center," and the process server's return on the summons reveals that the summons was served upon "Garden Park Hospital" by personally serving William Peaks. Therefore, Mississippi Rule of Civil Procedure 15(c) is applicable in its entirety.

¶22. The disputed portion of the relation-back doctrine "essentially asks whether, because of the existence of a **mistake** as to the parties' identities on the part of the movant or complainant, the newly-named defendant did not know that an action would be brought against him within the 120 days." *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890, 896 (Miss. 2006) (emphasis added) (citation omitted). Garden Park asserts that Scaggs cannot argue that a mistake was made regarding the proper identity of Garden Park as GPCH-GP, Inc., since Scaggs's attorney instituted claims against GPCH-GP, Inc., prior to filing the original complaint in this action, using GPCH-GP, Inc.'s proper name. Further, In *Wilner v. White*, regarding Mississippi Rule of Civil Procedure 15(c)(2), this Court stated:

> This part of the rule essentially asks whether, because of the existence of a mistake as to the parties' identities on the part of the movant or complainant, the newly-named defendant did not know that an action would be brought

11

against him within the prescribed time. *Curry*, 832 So. 2d at 513.[1] *The purpose of this rule is to allow some leeway to a party who made a mistake*, so long as the party does what is required within the time period under the rule. The United States Supreme Court, in looking at the federal counterpart to this rule, Fed. R. Civ. P. 15(c)(3)(B), noted that this "subsection applies only in cases involving 'a *mistake* concerning the identity of the proper party.'" *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467, 120 S. Ct. 1579, 146 L. Ed. 2d 530, n. 1 (2000) (quoting Fed. R. Civ. P. 15(c)(3)(B)). Here, there can be no attempt to assert that a mistake was made concerning White's identity. Also, Wilner unquestionably failed to make a reasonably diligent effort to add White's name to the complaint sooner. White's name actually appears in the body of the original complaint itself.

*Wilner v. White*, 929 So. 2d 315, 323-24 (Miss. 2006) (emphasis added) (footnote omitted).

*See also* *Gallagher*, 926 So. 2d at 896 ("The purpose of this rule is to allow some leeway to a party who made a mistake. . . ."). Since there was evidence before the trial court that Scaggs's attorney previously had filed suit against GPCH-GP, Inc., correctly identifying GPCH-GP, Inc., the trial court did not commit error in determining that Scaggs knew that "Garden Park Medical Center" was not the proper identity of the defendant, and therefore, failed to meet the relation-back test of Mississippi Rule of Civil Procedure 15(c). Furthermore, as also determined by the trial court, Scaggs did not take any affirmative measures to amend the complaint other than a simple request within her Response to the Motion to Dismiss that she be allowed to amend her complaint if the trial court determined that the wrong party defendant was named.

¶23. For these reasons, I respectfully dissent.

---

[1]*Curry v. Turner*, 832 So. 2d 508 (Miss. 2002).