PIERCE, Justice,
for the Court:
¶ 1. On April 18, 2006, Lester Butler filed a personal-injury action in the Copiah County Circuit Court against David Holmes and John Does 1-5. Later, Butler moved to amend his complaint to substitute a trucking company, D.P. Holmes Trucking, LLC, for Holmes or, in the alternative, to be allowed to file an amended complaint to add Holmes Trucking as a defendant. Both the circuit court and Holmes permitted Butler to amend his original complaint to add Holmes Trucking as a defendant; however, when filed, Butler had substituted Holmes Trucking for Holmes. After a responsive pleading had been filed, Butler filed a second amended complaint without leave of court and without permission of Holmes Trucking, identifying both Holmes and Holmes Trucking as defendants. Holmes Trucking responded with a motion to dismiss or, in the alternative, for summary judgment, but the circuit court allowed Butler to proceed, finding that the mistaken party name was a misnomer. Thus, Holmes Trucking filed notice of interlocutory appeal, requesting that this Court grant a dismissal with prejudice.
FACTS
¶ 2. On April 18, 2006, Lester Butler brought a personal-injury claim in Copiah County Circuit Court against David Holmes and John Does 1-5, alleging negligence in a traffic accident involving a truck driven by Tommy Jones. David Holmes filed his answer and affirmative defenses on May 24, 2006, asserting that Jones was not his employee and listing several affirmative defenses.[1]
¶ 3. On March 18, 2009, Butler moved to substitute the parties or, in the alternative, to file an amended complaint to add Holmes Trucking as a defendant. On August 11, 2010, an agreed order was signed allowing Butler to amend his complaint and add Holmes Trucking as a defendant. However, when Butler filed the amended complaint on February 11, 2011, he failed to comply with the order-instead of adding Holmes Trucking as a defendant, he substituted Holmes Trucking for Holmes. In the amended complaint, Butler kept John Does 1-5 as named defendants as well.
¶ 4. Holmes Trucking responded with a motion to strike, arguing that Butler’s amended complaint contradicted the order. Holmes Trucking also answered and asserted affirmative defenses. On March 9, 2011, Holmes Trucking filed a motion to dismiss or, alternatively, for summary judgment. Without leave from the circuit court, Butler filed a second amended complaint on March 23, 2011, which seems to be an attempt to comply with the August 11, 2010, agreed order. In the second amended complaint, Butler named both *251 Holmes and Holmes Trucking as defendants and kept John Does 1-5 as named defendants also.
¶ 5. Holmes and Holmes Trucking jointly moved to strike the second amended complaint, most notably arguing that the complaint did not comply with Mississippi Rule of Civil Procedure 15(c) and that Butler had failed to eliminate one of the five John Doe defendants as required by this Court’s ruling in Doe v. Mississippi Blood Services[2] and by Mississippi Rule of Civil Procedure 9(h).
¶ 6. Butler filed a response on May 13, 2011, asserting that he properly had amended his complaints, that the misiden-tification of Jones’s employer was a misnomer, and that the relation-back portion of Mississippi Rule of Civil Procedure 15(c) precluded the statute-of-limitations argument proffered by Holmes Trucking. The circuit court issued an order on June 17, 2011, denying both Holmes Trucking’s motion to strike and its alternative motions to dismiss and/or for summary judgment. In that order, the circuit court stated that the Mississippi Supreme Court “has long recognized that the doctrine of misnomer allows parties to correct ‘party-name’ errors at any time or [at] any stage of the proceedings if doing so would not result in prejudice.” The circuit court ruled that neither Holmes Trucking nor Holmes would be prejudiced.
¶ 7. Holmes Trucking filed this interlocutory appeal, arguing that the circuit court had erred: 1) in classifying the amendment as a misnomer and a party-name error;, 2) in failing to strike, dismiss, or grant summary judgment in favor of the defense with regard to the first amended complaint under Doe v. Mississippi Blood Services and Mississippi Rule of Civil Procedure 9(h); 3) in refusing to strike Butler’s second amended complaint; and 4) in failing to grant Holmes Trucking’s motion to dismiss or, alternatively, for summary judgment with regard to Butler’s second amended complaint under Doe and Rule 9(h).
DISCUSSION
I. Whether the circuit court erred in classifying the attempted amendments as a party-name error or misnomer.
¶ 8. The circuit court stated that this Court “has long recognized that the doctrine of misnomer allows parties to correct ‘party-name’ errors at any time or [at] any stage of the proceedings[,] if doing so would not result in prejudice.” And the circuit court ruled that neither Holmes Trucking nor Holmes would be prejudiced by allowing the second amended complaint. The circuit court cited Southern Trucking Service, Inc. v. Mississippi Sand and Gravel, Inc.[3] to find that it was appropriate for Butler to correct the party name as he did. Although this Court has long recognized the doctrine of misnomer, it does not apply here.
¶ 9. In Southern Trucking, both the plaintiff and the defendant had agreed to the substitution of Southern Trucking Services, Inc., as the true defendant.[4] Southern Trucking moved to set aside the judgment under Mississippi Rule of Civil Procedure 60(b)(4), because Plaintiff Mississippi Sand and Gravel, Inc., did not *252 exist.[5] Mississippi Sand filed a cross-motion under Rule 60 to reflect the plaintiffs true identity — South Mississippi Sand and Gravel, Inc.[6] The trial court denied Southern Trucking’s motion, but allowed Mississippi Sand to correct its name.[7] This Court stated that a party’s name can be changed so long as the name change is not a material change (i.e., no one is confused about who is suing whom).[8] But, although it had been proper to allow the party name to be changed, this Court found for Southern Trucking, because the misnomer also existed in the earlier suits, which were never amended, resulting in a void judgment.[9]
¶ 10. This Court, in Scaggs v. GPCH-GP, Inc., has ruled more recently on this issue.[10] In Scaggs, the plaintiff was correcting a misnomer, because the plaintiff incorrectly had named the defendant as Garden Park Medical Center rather than GPCH-GP, Inc., d/b/a Garden Park Medical Center.[11] This Court stated that there is an important “‘distinction between a complaint that sues the wrong party, and a complaint that sues the right party by the wrong name.’”[12] This Court ruled that Scaggs should have been allowed to correct the name of the party under the doctrine of misnomer and found that Mississippi Rule of Civil Procedure 15 was inapplicable.[13]
¶ 11. The case before this Court rests on a different set of circumstances than those in Scaggs v. GPCH-GP. Where Scaggs was an issue of misnomer, simply suing the correct defendant using an incorrect name, here, Butler sued one defendant with the correct name and then sought to substitute a completely different defendant. Butler initially filed a complaint against Holmes and John Does 1-5, rather than filing his complaint against Holmes Trucking — the true defendant. Initially, Butler followed the procedure under Rule 15 to substitute or amend his pleadings to name Holmes Trucking. And as long as a party follows the procedures outlined in Rule 15, there is no reason why a plaintiff cannot substitute the proper name of the defendant when the plaintiff has learned that he has sued a wrongly-named party. Here, Butler named the person he thought was responsible for Jones, and when he later learned the identity of the true defendant, he moved to substitute or, in the alternative, amend his complaint. Therefore, misnomer would not apply. Butler did not simply misname the defendant; rather, he sued a person he believed to be responsible for the driver involved in the accident when he should have sued a different party.
II. Whether the circuit court erred by denying Holmes Trucking’s motion to strike Butler’s first and second amended complaints.[14]
¶ 12. The Mississippi Rules of Civil Procedure allow a party to amend his *253 pleadings under Rule 15.[15] The amendment process outlined in Rule 15 encompasses changing parties, and that process also includes adding parties.[16] When a party moves to amend his pleadings, leave to do so should be freely given when justice so requires.[17] And “[m]otions for leave to amend [the] complaint are left to the sound discretion of the trial court.”[18]
A. The First Amended Complaint
¶13. Holmes Trucking does not argue that Butler’s first amended complaint fails for following the procedures outlined in Rule 15, nor could it. Instead, Holmes Trucking argues that Butler’s amendment was improper because it substituted Holmes Trucking for Holmes instead of adding Holmes, as the Agreed Order allowed, and failed to substitute Holmes Trucking in the place of a John Doe defendant—a Mississippi Rule of Civil Procedure 9(h) argument. Upon review of Butler’s motion to substitute parties or, in the alternative, amendment of complaint, we note that he attempted either to substitute Holmes Trucking under Rule 9(h) or, in the alternative, to add Holmes Trucking as a defendant under Rule 15. The circuit court, after having reviewed Butler’s motion, clearly directed Butler to add Holmes Trucking rather than substitute it in place of Holmes or a John Doe defendant.
¶ 14. To substitute Holmes Trucking for Holmes, Butler was required to comply with Rule 9(h), which states:
Fictitious Parties. When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered the process and all pleadings and proceedings in the action may be amended by substituting the true name and giving proper notice to the opposing party.[19]
A Rule 9(h) substitution “does not change the name of a party against who a claim is asserted;” rather, “it provides the true name of the party already in the litigation.” [20]
¶ 15. This Court stated in Veal v. J.P. Morgan Trust Co.,N.A.,:
Rule 9(h) does not say that a plaintiff may include a fictitious party because the plaintiff suspects that there might be someone out there who might have engaged in conduct which might be actionable. For instance, if the plaintiff knew that a nurse was assisting a doctor with a procedure and that the nurse engaged in negligent conduct, the plaintiff is not prevented from proceeding with litigation against the nurse simply because the plaintiff does not know the name of the nurse. The plaintiff may sue “Nurse X” and upon learning the nurse’s name, substitute it for the fictitious party under Rule 9(h).
However, where a plaintiff suspects that there might have been others involved in the procedure who might have been negligent, but is, at the time suit is filed, unaware of who they are or what negligent act they are alleged to have committed, the plaintiff may not include a fictitious party in the complaint. This *254 Court has previously stated that the purpose of Rule 9(h) is to provide a mechanism to bring in responsible parties, known, but unidentified, who can only be ascertained through the use of judicial mechanisms such as discovery.[21]
Correspondingly, when a plaintiff adds new parties by name by amending his complaint while maintaining originally designated John Doe defendants, he has not substituted the names of the new parties for the fictitiously named ones, as required by Rule 9(h).[22]
¶ 16. Holmes Trucking was not a party to the litigation until Butler was permitted to amend his complaint to add a new party. And as stated previously, a plaintiff cannot use Rule 9(h) as a means to reserve a spot for those unknown individuals or entities he may discover later; rather, Rule 9(h) is to be used to clearly identify a party or entity that the plaintiff is aware of but cannot name.[23] Butler was aware that an employer existed; however, he had named the wrong employer, naming Holmes individually rather than the entity of Holmes Trucking. When attempting to correct that mistake, he failed to comply with the requirements of Rule 9(h) by substituting one of the five John Does with Holmes Trucking.
¶ 17. The analysis does not end with Rule 9(h). Consequently, this Court must review whether Butler’s first amended complaint will relate back under Rule 15(c), since the 120 days to effect service under Mississippi Rule of Civil Procedure 4(h) have expired. For a claim to relate back to the original complaint under Rule 15(c) against a new party, the new claim must arise out of the same conduct, transaction, or occurrence as the original complaint.[24] Additionally, the newly added party must have had notice of the suit within 120 days from the filing of the original complaint.[25] However, “notice” does not mean service of process.[26] In order for the amended pleading to relate back within the 120-day requirement to effect service under Mississippi Rule of Civil Procedure 4(h), the newly named party must:
(1) [have] received such notice of the institution of the action that the party will not be prejudiced in maintaining the party’s defense on the merits, and
(2) [have known] or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.[27]
¶ 18. And this Court will not accept mere speculation as to what a party was aware of or what it knew or should *255 have known before the 120-day time period had elapsed.[28]
¶ 19. After reviewing the record, we note that Holmes Trucking was added to this suit after the 120 days for effecting service had passed. Yet, the claims included in the first amended complaint stem from the same conduct, transaction, and occurrence as identified in the original complaint. Additionally, Holmes Trucking was aware of the pending litigation, as it already had settled a claim, in a separate matter, with a passenger in Butler’s vehicle involving the same conduct, transaction, and occurrence alleged in all of Butler’s complaints. Moreover, Holmes Trucking is represented by the same law firm as Holmes, and that law firm is authorized to accept service of process on Holmes Trucking’s behalf. For those same reasons, Holmes Trucking cannot argue that it did not know or that it should not have had reason to know of Butler’s pending litigation within 120 days of Butler’s original complaint. Therefore, the circuit court did not err in allowing Butler to amend his complaint.
B. The Second Amended Complaint
¶ 20. Rule 15(a) instructs a party to seek leave of the court or permission from the opposing party when seeking to amend the pleadings if a responsive pleading has been filed.[29] If a party fails to seek leave of the court or permission of the opposing party prior to amending the pleadings, such amendment is improper and will be struck. Holmes Trucking had filed a responsive pleading before the second amended complaint had been filed, and thus, leave of court or permission from Holmes Trucking was required. Because Butler failed to seek leave of court or permission from Holmes Trucking, his second amended complaint is improper, and therefore, the circuit court should have dismissed the improper complaint. Accordingly, the circuit court erred by not dismissing the second amended complaint.
CONCLUSION
¶ 21. Misnomer does not apply in this case, and the circuit court erred in applying that doctrine. However, the court did not err in allowing Butler to amend his complaint. The circuit court should direct Butler to file a corrected complaint that complies with the August 11, 2010, agreed order. The circuit court erred by failing to dismiss the second amended complaint, as Butler did not follow the procedures outlined in Rule 15(a). Therefore, this case is remanded to the Copiah County Circuit Court for further proceedings consistent with this opinion.
¶ 22. AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, CHANDLER AND KING, JJ., CONCUR. KITCHENS, J., NOT PARTICIPATING.

. Butler complied with the 120-day time limit for service required by Mississippi Rule of Civil Procedure 4(h). Accordingly, Holmes filed his answer within thirty-six days of the filing of the complaint.

. Doe v. Miss. Blood Servs., 704 So.2d 1016 (Miss. 1997)..

. S. Trucking Servs., Inc. v. Miss. Sand and Gravel, Inc., 483 So.2d 321 (Miss. 1986).

.Id. at 322.

. Id. at 322-23.

. Id. at 323.

. Id.

. Id. at 324.

. Id.

. Scaggs v. GPCH-GP, Inc., 23 So.3d 1080 (Miss.2009).

. Id.

. Id. at 1085 (quoting Roberts v. Michaels, 219 F.3d 775, 777-778 (8th Cir.2000)).

. Id.

. Holmes Trucking raised four issues on appeal; however, the last three issues have been combined into one.

. Miss. R. Civ. P. 15.

. See Miss. R. Civ. P. 15(c) cmt.

. Barry v. Reeves, 47 So.3d 689, 695 (Miss.2010) (quoting Webb v. Braswell, 930 So.2d 387, 393 (Miss.2006)).

. Id. (quoting Church v. Massey, 697 So.2d 407, 413 (Miss.1997)).

. Miss. R. Civ. P. 9(h).

. Price v. Clark, 21 So.3d 509, 525 (Miss.2009).

. Veal v. J.P. Morgan Trust Co., N.A., 955 So.2d 843, 846 (Miss.2007).

. Nguyen v. Miss. Valley Gas. Co., 859 So.2d 971, 978 (Miss.2002) (holding that the standard of review is de novo rather than abuse of discretion when this Court reviews the grant or denial of a motion to dismiss for failure to state a claim) (abrogated for other reasons by Ralph Walker, Inc. v. Gallagher, 926 So.2d 890, 893 (Miss.2006)).

. Veal, 955 So.2d at 846.

. Miss. R. Civ. P. 15(c).

. Miss. R. Civ. P. 15(c)(1); see also Bedford Health Props., LLC v. Estate of Williams, 946 So.2d 335, 348 (Miss.2006).

. Bedford, 946 So.2d at 351.

.Miss. R. Civ. P. 15(c).

. Bedford, 946 So.2d at 352-53; see also Ralph Walker, Inc. v. Gallagher, 926 So.2d 890, 896-97 (Miss.2006).

. Miss. R. Civ. P. 15(a).