# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01471-COA

**DELBERT RAY ALEXANDER**                                    **APPELLANT**

**v.**

**BILLY JOE PITTS, JR.**                                    **APPELLEE**

DATE OF JUDGMENT:                02/09/2016
TRIAL JUDGE:                     HON. FRANKLIN C. MCKENZIE JR.
COURT FROM WHICH APPEALED:       JONES COUNTY CHANCERY COURT,
                                 SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:          MICHAEL DUANE MITCHELL
ATTORNEY FOR APPELLEE:           JOHN ANTHONY PIAZZA
NATURE OF THE CASE:              CIVIL - REAL PROPERTY
DISPOSITION:                     AFFIRMED AND REMANDED - 11/14/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.     Billy Joe Pitts Jr. purchased real property from a person who had acquired it through a tax sale and successfully quieted title to the property. Pitts and his neighbor, Delbert Ray Alexander, subsequently had a dispute over their boundary line. Pitts and Alexander litigated the boundary-line dispute for years. The chancellor ultimately held that to the extent that Alexander had raised an adverse-possession claim, it lapsed due to the tax sale. On appeal, Alexander claims he did not have proper notice of the tax sale or the action quieting title to the property. Alexander's collateral attack on those proceedings is unrelated to the litigation that led to this appeal – an adverse-possession claim that he never properly alleged in a complaint – and he attempts to raise it for the first time on appeal. Therefore, we affirm the

chancellor's judgment. As we grant Pitts's motion for attorney's fees on appeal, we remand the case so the chancellor can determine the amount of attorney's fees and costs payable to Pitts for defending this appeal.

## FACTS AND PROCEEDINGS BELOW

¶2. This litigation between adjoining landowners concerns a portion of the approximately six-acre property that Sherry Lowe bought at a 2001 tax sale. In March 2010, Lowe got a judgment quieting and confirming her title to the property. Lowe later sold that property and other land to Pitts.

¶3. In September 2011, Alexander filed a complaint for a preliminary injunction to prevent Pitts from trespassing over a "common boundary [that] ha[d] been separated by a fence and shrubs for more than ten . . . years." Alexander conceded that the property had been surveyed, and the fence was "not on the forty line." Alexander also alleged that Pitts had removed some of Alexander's personal property from the "disputed land."

¶4. Pitts moved to dismiss Alexander's complaint. Citing Mississippi Code Annotated section 27-45-23 (Rev. 2010)[1] and *Massey v. Lewis*, 21 So. 3d 644, 648 (¶¶11-12) (Miss. Ct. App. 2008) (parties with an adverse-possession claim relinquished it when they allowed the property at issue to be sold along with adjoining property at a tax sale), Pitts argued that any claim Alexander had to the disputed property had lapsed due to the tax sale. Pitts also noted

---

[1] Section 27-45-23 provides that a chancery clerk's tax deed "shall vest in the purchaser a perfect title with the immediate right of possession to the land sold for taxes."

2

that he and Alexander had agreed in advance of a survey to abide by its results, and the survey showed that the property at issue belonged to Pitts.[2] However, Pitts admitted that he had removed some of the abandoned castoffs that Alexander had dumped on the land.[3]

¶5.    The chancellor conducted a hearing on October 3, 2011. The record does not include a transcript of it or any other hearing in the case. The next day, the chancellor entered an order denying Alexander's request for a preliminary injunction "at this time." The chancellor gave Alexander thirty days to remove his personal property from the land and amend his complaint "to reflect his claim of ownership through adverse possession of [the] property in question . . . ."

¶6.    As of July 2012, Alexander had not filed an amended complaint; so Pitts filed another motion to dismiss Alexander's initial complaint. Nearly a year later, Alexander finally filed an amended complaint asserting that he had acquired the land through adverse possession.[4] Pitts moved to dismiss it because it was untimely, Alexander's interest in the land had lapsed due to the tax sale, and Alexander should have joined Lowe's action to quiet and confirm her title to the property.

---

[2] Pitts attached three signed and witnessed statements supporting his claim that he and Alexander had verbally agreed to "honor the survey line . . . as . . . the property line separating the properties."

[3] Pitts had asked Alexander numerous times to remove his personal property, which included "old equipment, an unburied septic tank, an old abandoned trailer, a storage van[,]" old car batteries, a school bus, and old tires. An investigator from the Mississippi Department of Environmental Quality described the area as "an unauthorized landfill . . . ."

[4] Alexander filed his amended complaint under the wrong cause number.

3

¶7.     In November 2013, the parties convened for a hearing.  As mentioned above, the record does not contain any transcripts.  The hearing resulted in Pitts's attorney's preparation of a proposed stipulation of facts and order.  Alexander's attorney had not signed it as of June 2014.  In November 2015, Pitts's attorney filed a motion for a trial setting.  Within it, Pitts's attorney stated that "Alexander, through his counsel, . . . announced to [the chancellor] that he would be filing an appeal to the Mississippi Supreme Court . . . over [a] year ago, but . . . no appeal was ever[ f]iled . . . ."

¶8.     On February 9, 2016, the chancellor entered a document styled "stipulation of facts and order."  According to that document, during the November 2013 hearing, Alexander announced that he was aggrieved because he did not receive notice of the tax sale, and Lowe did not serve him with "[p]ersonal service or notice of her suit to quiet and confirm title [to the] property."  The chancellor added that "Alexander never made any such assertion prior to the instant pending litigation . . . ."

¶9.     After detailing the stipulated facts of the case, the chancellor held that "Alexander's interest in the land at issue would have lapsed during the time [that] the municipality held title to the land, prior to the tax sale . . . ."[5]  Consequently, the chancellor held that Alexander's adverse-possession claim failed.  The chancellor further held that "[a]ll statutory requirements of public notice and publication were met during the tax sale, the issuance of

---

[5] The order noted Pitts's position that Alexander had not asserted an adverse-possession claim.

4

the tax deed, and the subsequent [s]uit to quiet and confirm title." Finally, the chancellor related that "[c]ounsel for . . . Alexander desires the appellate [c]ourt to review the existing notification requirements of both the tax sale, issuance of the tax deed, and[/]or the suit to quiet and confirm title." Consequently, the chancellor held that "all factual testimony or evidence except that stipulated herein by the parties[] is held in abeyance for a future hearing consistent with the appellate [c]ourt's opinion."

¶10. Represented by different counsel, on March 7, 2016, Alexander filed a motion for a new trial so he could "put on evidence of the total lack of substantive due process" regarding the tax sale and Lowe's complaint to quiet and confirm her title to the land. Pitts argued that the lack of a previous trial in the case invalidated Alexander's request for a "new" trial. On October 3, 2016, the chancellor entered an order denying Alexander's motion for a new trial. The chancellor also adopted the February 9, 2016 order "as the [f]inal [j]udgment in this case for purposes of appeal." Alexander appeals.

## DISCUSSION

¶11. On appeal, Alexander does not challenge any decision that the chancellor made in this case. Instead, he attempts to collaterally attack the tax sale and Lowe's complaint to quiet and confirm title to the land. Although he cites authority discussing due-process requirements in general terms, he cites nothing in support of his claim that he was entitled to personal service of process incident to the tax sale or Lowe's complaint to quiet and confirm title. *See* M.R.A.P. 28(a)(7). Likewise, he cites no authority that would support his

5

ability to collaterally attack them through this appeal of what we construe as an agreed judgment in Pitts's favor. These failures operate as a procedural bar to his claims. *SASS Muni-V LLC v. DeSoto Cty.*, 170 So. 3d 441, 449 (¶23) (Miss. 2015).

> An appellant cannot give cursory treatment to an issue and expect this Court to uncover a basis for the claims, either in the record or in the law. Simply put, we will not act as an advocate for one party to an appeal. The appellant must affirmatively demonstrate error in the court below, and failure to do so waives an issue on appeal.

*Satterfield v. State*, 158 So. 3d 380, 383 (¶6) (Miss. Ct. App. 2015). As such, we affirm the chancellor's judgment.

¶12. On a related note, Pitts has filed a motion for sanctions as set forth in Rule 38 of the Mississippi Rules of Appellate Procedure. Pitts requests that this Court remand the case to the chancellor "for determination of attorney['s] fees and expenses" and order that Alexander pay double Pitts's costs for defending this appeal. Alexander did not respond.

¶13. "In a civil case if the . . . Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee." M.R.A.P. 38. "Whether an appeal is frivolous pursuant to Rule 38 is evaluated using the standard from Mississippi Rule of Civil Procedure 11. Accordingly, an appeal is frivolous where the appellant has no hope of success." *Flowers v. Boolos (In re Estate of Smith)*, 204 So. 3d 291, 316 (¶60) (Miss. 2016).

¶14. Alexander agreed to the judgment denying his claim for a preliminary injunction against Pitts. His appeal has nothing to do with that cause of action. Instead, he attempts to

6

collaterally attack the tax sale and the judgment confirming Lowe's title to the property as some form of an end-run against Pitts. And although the chancellor seemed to address them to some extent, apparently over Pitts's objection and despite the fact that Alexander had not properly filed an amended complaint,[6] Alexander never asserted the collateral attacks that he now advances on appeal. Instead, he wanted "the appellate [c]ourt to review the existing notification requirements of the sale, the issuance of the tax deed, and/or [the] suit to quiet and confirm title." An issue that has not been presented to the trial court is procedurally barred on appeal. *Id*. at 313 (¶49). Because Alexander clearly relied on the idea that he would circumvent the chancellor and raise an issue for the first time on appeal, his attempted collateral attack on judgments that did not stem from the underlying litigation had no hope of success.

¶15. Pitts's motion is granted. We remand this case to the Jones County Chancery Court, Second Judicial District, for a determination of the attorney's fees and costs that Pitts incurred in defending the present appeal, and for the entry of an appropriate judgment.

¶16. **AFFIRMED AND REMANDED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR. TINDELL, J., NOT PARTICIPATING.**

---

[6] *See* M.R.C.P. 15(a); *D.P. Holmes Trucking LLC v. Butler*, 94 So. 3d 248, 255 (¶20) (Miss. 2012) ("If a party fails to seek leave of the court or permission of the opposing party prior to amending the pleadings, such amendment is improper and will be struck.").