Serial: **231565**

# IN THE SUPREME COURT OF MISSISSIPPI

## No. 89-R-99001-SCT

**FILED**

*IN RE: THE RULES OF CIVIL PROCEDURE*

MAY 05 2020

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

## EN BANC ORDER

Before the en banc Court is the Motion to Amend M.R.C.P. 15 (Motion No. 2020-411), filed by the Advisory Committee on Rules.

After due consideration, we find that the motion should be granted.

IT IS THEREFORE ORDERED that the Motion to Amend M.R.C.P. 15 is granted. Rule 15 is amended as set forth in the attached Exhibit A. The amendments shall be effective on July 1, 2020.

IT IS FURTHER ORDERED that the Clerk of this Court must spread this order upon the minutes of the Court and send a certified copy to West Publishing Company for publication in the advance sheets of *Southern Reporter, Third Series (Mississippi Edition),* and in the next edition of the *Mississippi Rules of Court.*

SO ORDERED, this the ___5___ day of May, 2020.

MICHAEL K. RANDOLPH,
CHIEF JUSTICE
FOR THE COURT

ALL JUSTICES AGREE.

## RULE 15. AMENDED AND SUPPLEMENTAL PLEADINGS

**(a) Amendments.** A party may amend a pleading as a matter of course at any time before a responsive pleading is served, or, if a pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within thirty days after it is served. On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), leave to amend shall be granted when justice so requires upon conditions and within time as determined by the court, provided matters outside the pleadings are not presented at the hearing on the motion. Otherwise a party may amend a pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

**(b) Amendment to Conform to the Evidence.** When issues not raised by the pleadings are tried by expressed or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the maintaining of the action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. The court is to be liberal in granting permission to amend when justice so requires.

**(c) Relation Back of Amendments.**

(1) Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

(2) An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:

(1) (a) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and

(2) (b) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(3) An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.

**(d) Supplemental Pleadings.** Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions, occurrences, or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

[Amended effective July 1, 1998; amended effective April 17, 2003 to allow amendments on dismissal under Rule 12(b)(6) or judgment on the pleadings under Rule 12(c) where the court determines that justice so requires; amended effective July 1, 2020.]

## Advisory Committee Historical Note

Effective July 1, 1998, Rule 15(c) was amended to state that the relation back period includes the time permitted for service of process under Rule 4(h).

Effective July 1, 2020, the subsections within Rule 15 (c) were reorganized and renumbered.

## Advisory Committee Notes

Mississippi Rule 15(a) varies from Federal Rule 15(a) in that the federal rule permits a party to amend the pleading only once as a matter of course. The Mississippi rule places no limit on the number of such amendments.

If a party files an amended pleading without leave of court when leave of court was required by M.R.C.P. 15(a), such amendment is improper and the amended pleading will be struck. *See D.P. Holmes Trucking, LLC v. Butler*, 94 So. 3d 248, 255 (Miss. 2012).

3

An amended complaint that adds additional defendants must also comply with M.R.C.P. 21. *See Veal v. J.P. Morgan Tr. Co., N.A.*, 955 So. 2d 843, 847 (Miss. 2007) ("Where . . . the amendment sought is to add new defendants, Mississippi Rule of Civil Procedure 21 is applicable, and requires an order from the court to add a new defendant").

An amended pleading adding a new claim or defense among existing parties relates back to the original pleading when the claim or defense in the amended pleading arises from the same conduct, transaction or occurrence set forth in the original pleading.

An amended pleading changing the name of the defending party relates back to the original pleading if the requirements of M.R.C.P. 15(c)(1) and (2) are met.

An amendment substituting a named party for a fictitious party pursuant to M.R.C.P. 9(h) relates back only if the plaintiff exercised reasonable diligence to discover the true identity of the fictitious party. *See Bedford Health Properties, LLC v. Estate of Williams ex rel Hawthorne*, 946 So. 2d 335, 342 (Miss. 2006).

An amended pleading adding an additional defendant does not relate back to the original pleading unless: (i) it is an amendment changing the defending party's name and the requirements of M.R.C.P. 15(c)(1) and (2) are met; or (ii) is an amendment substituting a named defendant for a fictitious defendant pursuant to M.R.C.P. 9(h) and the reasonable diligence standard is met.

[Advisory Committee Note adopted effective July 1, 2014; amended effective July 1, 2020.]